Filed Oct. 19, 1887.

No. 12,910.

## THE TOWN OF GOSPORT v. EVANS.

MUNICIPAL CORPORATION.—*Town.—Streets and Sidewalks.—Defects and Obstructions in.—Liability for.*—A municipal corporation is required to exercise vigilance in keeping its streets and sidewalks in a reasonably safe condition for travel by night as well as by day; but, that a pavement has become uneven, or that bricks therein may be displaced by the action of the elements, does not necessarily involve such municipality in liability if the defect can be readily discovered and easily avoided by persons exercising due care, or if the defect be of such a nature as not of itself to be dangerous to persons so using the walk.

SAME.—*Contributory Negligence.*—One who sees an obstruction in a street or sidewalk, and, knowing its dangerous character, deliberately goes into or upon it when he is under no compulsion to do so, or might avoid it by going around, takes the risk upon himself, and if injured on account of such obstruction can not, because of contributory negligence, maintain an action therefor.

From the Owen Circuit Court.

*G. W. Grubbs, J. C. Robinson* and *I. H. Fowler,* for appellant.

*D. E. Beem, W. Hickam, J. R. Fritts* and *R. W. Miers,* for appellee.

MITCHELL, J.—The town of Gosport prosecutes this appeal from a judgment rendered by the Owen Circuit Court in favor of Lydia E. Evans against the appellant for one thousand dollars, that being the amount awarded the plaintiff by a jury in an action for damages for injuries sustained from a fall upon an alleged defective and dangerous sidewalk.

The argument for a reversal of the judgment is predicated mainly upon two propositions. It is contended:

1. That there was no evidence which tended to show such a defect in the sidewalk at the place where the plaintiff fell as rendered the town liable to the imputation of actionable negligence.

2. That there was no evidence tending to show that the plaintiff was in the exercise of due care at the time she sustained the injury.

Concerning the first point, it is only necessary to say the evidence does not make it entirely clear that the town was guilty of such negligence in respect to the sidewalk in question, considering its condition at the time of the injury complained of, as would have sustained a recovery even if the plaintiff had been without fault.

While a municipal corporation is required to exercise vigilance in keeping its streets and sidewalks in a reasonably safe condition for public travel, by night as well as by day, it is by no means an insurer against accidents, nor can it be expected to maintain the surface of its sidewalks free from all inequalities and from every possible obstruction to mere convenient travel. A contrary rule would, or might, burden municipal corporations beyond endurance. That a pavement may have become uneven from use, or that bricks therein may have become loose or displaced by the action of the elements, so that persons are liable to stumble, or be otherwise inconvenienced in passing, does not necessarily involve the municipality in liability so long as the defect can be readily discovered and easily avoided by persons exercis-

ing due care, or provided the defect be of such a nature as not of itself to be dangerous to persons so using the walk. *City of Indianapolis* v. *Cook*, 99 Ind. 10 ; *City of Quincy* v. *Barker*, 81 Ill. 300; *City of Richmond* v. *Courtney*, 32 Gratt. 792 ; *City of Chicago* v. *Bixby*, 84 Ill. 82 ; *City of Aurora* v. *Pulfer*, 56 Ill. 270.

Adapting the language of the court in *Hubbard* v. *City of Concord*, 35 N. H. 52 (69 Am. Dec. 520), to the case in hand, towns are not required to make their sidewalks perfect or to correspond with any given standard.   In each case the sidewalk is to be pronounced sufficient or insufficient, according as it is, or is not, reasonably safe and convenient for the travel passing upon it, under the particular circumstances which exist in connection with that particular case.

Accepting as true the evidence most favorable to the plaintiff below, and it appears that some of the bricks in a pavement had been displaced and removed, leaving a depression of from two and a half to six inches in depth, covering an area of about three by four feet in the surface of the walk.   The authorities had notice of the condition of the walk, and had directed the owner of the abutting lot to repair the pavement.   At the time of the injury complained of all the streets and sidewalks in the town were covered with snow, sleet and ice, rendering them difficult and dangerous for foot travellers to pass over.   The depression above described had become partially, and some of the witnesses say completely, filled with frozen snow, sleet and ice, presenting a surface not substantially different from that around it, except that it was perhaps somewhat lower.   '

There was evidence tending to show that some of the bricks which had become loose and displaced were frozen fast in the snow and ice in and about the depression in the pavement, and that some of these projected some inches above the icy surface. The plaintiff, who was well acquainted with the defect in the walk, and who had it in mind at the time, while passing over the place in the night-time, struck

her foot against one of the projecting bricks, which caused her to fall upon the icy pavement.

Since, therefore, it does not appear that the defective condition of the sidewalk occasioned an accumulation of snow and ice at that point, or made the surface of the walk substantially different there from what it was elsewhere, we are not prepared to say that, as respects its condition when the injury complained of was suffered, the town was remiss in its duty for not having removed the projecting brick which caused the plaintiff to fall. The fall was not occasioned by the plaintiff stepping in a hole, or slipping on ice accumulated therein, but by striking her foot against a brick which projected above the surface of the icy walk. If we should assume, however, that the walk was defective and dangerous at the time of the injury, and that the town neglected its duty in not repairing it, principles too firmly established to be departed from require that the judgment should be reversed, nevertheless.

The plaintiff was guilty of contributory negligence, and it is too well settled to require reference to authority, that contributory negligence prevents a recovery in an action like this.

It is disclosed in the evidence given on the stand by the plaintiff herself that she was returning home from church after the evening service in company with and by the side of another lady. She had passed over the sidewalk in question frequently. Quoting her own language, as we find it repeated again and again in the record of her testimony, she said: "I knew it was a bad place, but thought I could pass it; had passed it before; * * * I put on old shoes, and socks over them; I put them on that night to go through this place safely, and for all other bad places; * * * I knew it was a bad place, but thought I had prepared for it; knew just where it was; I could tell it as well after night as in daytime; * * * I could see the place when I came up; knew it was a bad and dangerous place, but thought I could

get through safe; I stepped carefully, but stumbled and fell; * * * nothing to prevent me from walking next to the fence, except that Mrs. O'Maris was walking there; don't know why I did not let go her arm and walk there; * * * had passed there often going to and from church."

Thus it appears that a person of mature years, and in the possession of all her faculties, deliberately walked into a place which, upon her hypothesis of the case, was one of known danger, and which she could have avoided by simply disengaging herself from and following in the footsteps of her friend.

The statement of Lord ELLENBOROUGH in *Butterfield* v. *Forrester*, 11 East, 60, that "A party is not to cast himself upon an obstruction which has been made by the fault of another, and avail himself of it, if he do not himself use common and ordinary caution to be in the right," was hardly less applicable to the case in which it was made than to the one under consideration. " Two things must concur," said that learned judge, " to support this action, an obstruction in the road by the fault of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff."

This rule, stated in different language, has been consistently and uniformly declared and adhered to by appellate courts in every common law jurisdiction. Beach Contrib. Neg., sections 7, 77; *Bruker* v. *Town of Covington*, 69 Ind. 33 (35 Am. R. 202); *President, etc.*, v. *Dusouchett*, 2 Ind. 586 (54 Am. Dec. 467); *Riest* v. *City of Goshen*, 42 Ind. 339; *Jonesboro, etc., Turnpike Co.* v. *Baldwin*, 57 Ind. 86.

One who knows of a dangerous obstruction in a street or sidewalk, and yet attempts to pass it when, on account of darkness or other hindering causes, he can not see so as to avoid it, takes the risk upon himself. For a much greater reason does he take the risk upon himself, if, seeing an obstruction, and knowing its dangerous character, he deliberately goes into or upon it, when he was under no compulsion to go, or might have avoided it by going around. *Thomp-*

*son* v. *Cincinnati, etc., R. R. Co.,* 54 Ind. 197 ; *Louisville, etc., R. R. Co.* v. *Schmidt,* 81 Ind. 264 ; *King* v. *Thompson,* 87 Pa. St. 365 (30 Am. R. 364) ; *Toledo, etc., R. W. Co.* v. *Brannagan,* 75 Ind. 490 ; *City of Erie* v. *Magill,* 101 Pa. St. 616 (47 Am. R. 739) ; *Wilson* v. *City of Charlestown,* 8 Allen, 137 ; *Durkin* v. *City of Troy,* 61 Barb. 437 ; *City of Centralia* v. *Krouse,* 64 Ill. 19.

We do not question the doctrine of the cases which hold that because one has knowledge that a highway or sidewalk is out of repair, or even dangerous, he is not therefore bound to forego travel upon such highway or sidewalk. *City of Huntington* v. *Breen,* 77 Ind. 29 ; *Wilson* v. *Trafalgar, etc., G. R. Co.,* 83 Ind. 326 ; *Wilson* v. *Trafalgar, etc., G. R. Co.,* 93 Ind. 287 ; *Nave* v. *Flack,* 90 Ind. 205 (46 Am. R. 205) ; *City of South Bend* v. *Hardy,* 98 Ind. 577 (49 Am. R. 792) ; *Town of Albion* v. *Hetrick,* 90 Ind. 545 (46 Am. R. 230) *Turner* v. *Buchanan,* 82 Ind. 147 (42 Am. R. 485).

The doctrine to be extracted from these cases is, that although a sidewalk or highway may be in an apparently defective or dangerous condition, yet a person with knowledge of the defect or danger is not on that account obliged to abandon travel upon the highway, if, by the exercise of care proportioned to the known danger, he may reasonably expect to shun or avoid the defect. If the defect be one which does not render the way wholly impassable, and which can only result injuriously to the traveller if not shunned, if there be an apparently safe way of passage without going into the obvious defect, the traveller is not to be held to a rigorous account if he is deceived or misled, notwithstanding his effort to avoid the danger.

The authorities, however, lend no countenance to the notion that a person having knowledge of an obvious defect, or of a place in a highway which naturally suggests to a person of common understanding that it is dangerous, may, nevertheless, voluntarily cast himself into or upon the de-

fect, upon the theory that he is not obliged to forego travel upon the highway.

In *Horton* v. *Inhabitants of Ipswich*, 12 Cush. 488, the court said: "The real point is, not whether the plaintiff was chargeable with any negligence in making his way over the road, after he had entered upon it; but whether he knew, or had reason to believe, that the road was dangerous, when he entered on it, or before he reached any dangerous place. If so, he could not, in the exercise of ordinary prudence, proceed and take his chance, and if he should actually sustain damage, look to the town for indemnity." *Parkhill* v. *Town of Brighton*, 61 Iowa, 103.

"Where there is danger and the peril is known, whoever encounters it voluntarily and unnecessarily can not be regarded as exercising ordinary prudence, and therefore does so at his own risk." *Corlett* v. *City of Leavenworth*, 27 Kan. 673. *Schaefler* v. *City of Sandusky*, 33 Ohio St. 246 (31 Am. R. 533).

If the defect in the pavement, which the plaintiff voluntarily encountered, presented an obstruction, or was of such a character that the town of Gosport was bound to take notice of it, so that it was guilty of negligence in not repairing it, the conclusion follows necessarily that the plaintiff, having full and equal knowledge of its character, was guilty of contributory negligence in venturing upon it, no matter how carefully she may have prepared for the encounter, nor with how much care she went upon it. Her duty was to avoid the obstruction, or venture upon it at her own risk. *Durkin* v. *City of Troy, supra.*

These conclusions lead to a reversal of the judgment.

Judgment reversed, with costs.

Filed Oct. 13, 1887.