Morrison v. The Board of Commissioners of Shelby County.

Filed Jan. 3, 1889.

------◆------

No. 13,418.

MORRISON v. THE BOARD OF COMMISSIONERS OF SHELBY COUNTY.

NEGLIGENCE.—*County.*—*Public Bridge.*—*Knowledge of Dangerous Condition.* —*Contributory Negligence.*—One who drives upon a public bridge, knowing it to be out of repair and dangerous, and in such a condition that a prudent person might reasonably anticipate injury, is guilty of such contributory negligence as will defeat an action against the county for damages, although the bridge was being used by the public and he exercised care in going upon it.

From the Shelby Circuit Court.

*E. H. Chadwick*, for appellant.

*E. K. Adams* and *L. J. Hackney*, for appellee.

MITCHELL, J.—Morrison filed a claim against the board of commissioners of Shelby county for damages alleged to have been sustained by him on account of the defective condition of a public bridge, which he alleged the county had negligently permitted to become ruinous and in a dangerous condition, and through which he charged that one of his horses had fallen.

The claim was disallowed, whereupon an appeal was taken to the circuit court, in which there was a finding and judgment for the board of commissioners. It is now insisted that the judgment of the circuit court ought to be reversed, because the finding is contrary to the evidence.

The record shows that the plaintiff admitted that he knew the condition of the bridge, when he drove upon it with his team, and that he had knowledge that it was out of repair and dangerous for more than a year prior to the time his horse broke through. One end of the bridge was higher than the other. The northwest corner was lower than the southeast corner, the pillars having sunken into the ground, giving the bridge a peculiar inclination on the sides. He knew the boards were loose and travel-worn, and he admitted that he had refrained from using the bridge some time before the accident, on account of its ruinous condition.

It will thus be seen that it fairly became a question for the court trying the cause to determine whether or not the plaintiff was guilty of contributory negligence in venturing upon the bridge with his team drawing a loaded wagon, with knowledge of the condition of the structure. It is quite true he testified that he exercised great care and caution in driving upon the bridge, which he says was being used by the public, and that he believed he could pass over it in safety. While this is true, it is also to be remembered that one who voluntarily goes upon a structure, with full knowledge of its dangerous condition, and of the perils attending the venture, will be deemed to have done so at his own risk. *Forks Tp.* v. *King*, 84 Pa. St. 230; Whart. Neg., section 400.

The law accounts it negligence for one, unless under compulsion, to cast himself upon a known peril, from which a prudent person might reasonably anticipate injury. *Town of Gosport* v. *Evans*, 112 Ind. 133; *Lake Shore, etc., R. W. Co.* v. *Pinchin*, 112 Ind. 592; *Riest* v. *City of Goshen*, 42 Ind. 339; *Jonesboro, etc., T. P. Co.* v. *Baldwin*, 57 Ind. 86; *Evansville, etc., R. R. Co.* v. *Crist, post*, p. 446.

There was evidence tending to support the finding of the court.

The judgment is affirmed, with costs.

