The Toledo, St. Louis and Kansas City Railroad Company *v.* Adams.

Filed March 30, 1892.

———◆———

## No. 15,610.

THE TOLEDO, ST. LOUIS AND KANSAS CITY RAILROAD COMPANY *v.* ADAMS.

PLEADING.—*Action to Recover for Injuries.—Averment of Freedom from Fault.* —In an action to recover for injuries, the general averment that the plaintiff was free from fault will be overcome only when the specific facts stated by the plaintiff show contributory negligence.

VERDICT.—*General.—Answers to Interrogatories.—Irreconcilable Conflict.*—All fair intendments will be made in favor of the general verdict, and answers to interrogatories can not prevail against it, unless they are in irreconcilable conflict with it. For analysis of evidence showing that there is not an irreconcilable conflict between the general verdict and answers to interrogatories, see opinion. *Chicago, etc., R. W. Co.* v. *Hedges,* 118 Ind. 5, distinguished.

From the Tipton Circuit Court.

*S. O. Bayless, C. G. Guenther* and *C. Brown,* for appellant.
*J. O. Brien, J. C. Blacklidge, C. C. Shirley, B. C. Moon* and *C. Wolfe,* for appellee.

ELLIOTT, C. J.—The appellee seeks to recover for injuries which he received in crossing the appellant's track. His complaint shows negligence on the part of the appellant, and contains the usual general averment asserting that he was free from fault. There is no strength in the appellant's contention that, as the particular facts stated show contributory

negligence, the general allegation must be regarded as ineffective. The particular facts are far from showing contributory negligence, and as it is only where the specific facts clearly show negligence on the part of the plaintiff that they overcome the general averment the contention of the appellant must fail. *Ohio, etc., R. W. Co.* v. *Walker*, 113 Ind. 196.

As a general verdict covers the entire case and answers to interrogatories state only specific facts, it is no more than reasonable to hold, as it has often been held, that all fair intendments will be made in favor of the general verdict, and that answers to interrogatories can not prevail against it unless they are in irreconcilable conflict with it. *Town of Poseyville* v. *Lewis*, 126 Ind. 80, and cases cited. If, therefore, there is no irreconcilable conflict between the general verdict and the answers to interrogatories in this case, the former must stand. There is no such conflict. The answers to the interrogatories show that the plaintiff was familiar with the crossing ; that he had passed over it on the morning of the day on which he was injured ; that he was injured at night; that on account of the dense darkness he could not see the train; that the train was behind time and running very rapidly, and that no signals were given. The jury, in answer to several of the interrogatories, find that at the distance mentioned in such interrogatories, respectively, the plaintiff could not have seen the approaching train, but they do answer that he could have seen it when within a distance of eighteen feet. In other answers, however, they say that there were obstacles which would have prevented the plaintiff from having seen the train had he been looking in the direction from which it was approaching. It is to be observed that there is nothing in the answers which tends to show the plaintiff was not driving slowly, and looking and listening carefully, and hence it must be presumed, in support of the general verdict, that he was doing so. It is to be further observed that there is no finding that he did see the train when eighteen feet distant from the track, although

there is a finding that he could have seen it had he been look-ing in the direction from which it was approaching; and, for anything that appears, he may not have seen it, because look-ing in the opposite direction, or because of the obstacles mentioned in some of the answers. Contradictory answers can not be made to override the general verdict. We are not inclined to extend the doctrine of the case of *Chicago, etc., R. W. Co.* v. *Hedges*, 118 Ind. 5, and we do not think this case falls within the rule there declared, inasmuch as there is an essential difference in the facts exhibited in the answers re-turned in that case and those contained in the answers in the present case. The conclusion we here declare is in har-mony with the decision in *Terre Haute, etc., R. R. Co.* v. *Clark*, 73 Ind. 168.

