Filed Feb. 14, 1894.

---◆---

No. 957.

### City of Bloomington v. Rogers.

PLEADING.—*Indefiniteness.*—*Remedy.*—*Motion.*—*Practice.*—The remedy for a general or indefinite allegation in a pleading is, generally, by motion to make more specific.

SPECIAL VERDICT.—*Recovery.*—*Ultimate Facts.*—*Not Aided by Intendment.*—*Judgment.*—In determining the sufficiency of the facts found to sustain the judgment, the appellate tribunal can consider only the ultimate facts properly found, disregarding evidentiary facts, legal conclusions, and matters not within the issues; and to entitle

City of Bloomington *v.* Rogers.

the party having the onus to a judgment, the special verdict must contain a finding of every fact necessary to sustain a judgment, for nothing will be taken by intendment.

MUNICIPAL CORPORATION.—*City.*—*Defective Street.*—*Personal Injury.*— *Contributory Negligence.*—Where a person knows of the dangerous condition of a street, and yet, in the night time, when it is dark, proceeds to travel thereon when the exact location of the dangerous portion can not be ascertained, he does so at his own peril.

From the Monroe Circuit Court.

*I. C. Batman* and *H. C. Duncan*, for appellant.
*J. R. East* and *R. G. Miller*, for appellee.

Ross, J.—The appellee brought this action to recover damages for injuries sustained by falling into an open and unprotected ditch in the course of construction along one of appellant's streets.

The first ruling complained of is the ruling on the demurrer to the complaint. That part of the complaint containing the gist of the action, and which appellant insists is insufficient, is as follows:

"That in said city there is what is known as Madison street, which extends from First street to Eleventh street northward, but prior to the 23d day of September, 1892, the defendant caused said Madison street to be improved, and caused a deep ditch 12 feet wide and 6 feet deep to be run along on the west side of said Madison street, between Third and Fourth streets, which run east and west through said city, said ditch so made and erected being built up with perpendicular stone walls in a dangerous and unsafe manner to persons passing over said street and sidewalk on the same; that the said defendant, long prior to the said 23d day of September, 1892, carelessly and negligently constructed said ditch and walls, and carelessly and negligently maintained said ditch in a dangerous and unsafe manner, in this, to wit, that it wholly failed to place any guard rails on either side of

said ditch to keep persons traveling over said street from falling into the same, when traveling said street in the darkness of the night; that said defendant also carelessly and negligently failed to keep any lights, or other danger signal, in the vicinity of said ditch, to guard persons traveling over said street from falling into said ditch, and plaintiff further alleges that long prior to the grievances hereinafter alleged, to wit, on the 23d day of September, 1892, said ditch so constructed in the manner herein set forth, the defendant had full knowledge that said ditch, so erected and maintained, was dangerous and unsafe to foot passengers who passed by and near the same; that on said 23d day of September, 1892, this plaintiff, while passing on the west side of said ditch between Third and Fourth streets, at the hour of ten o'clock at night of said day, and while endeavoring to go to her home in a careful and guarded manner, and without any knowledge and without being able to see the location of said ditch, without any fault on her part whatever, and without the aid of any lights or guard rails, she stepped and fell to the bottom of said ditch, a distance of six feet.''

The insistence of appellant is that there is no allegation in the complaint, that the appellee was ignorant of the condition of the street and the unprotected condition of the ditch. In this respect we think the complaint sufficient. It is alleged that the appellee, ''while endeavoring to go to her home in a careful and guarded manner and without knowledge and without being able to see the location of said ditch,'' fell into said ditch and was injured. The allegation as to want of knowledge is somewhat general and indefinite, but if not sufficiently specific appellant's remedy was by a motion to make the allegation more specific.

On a trial of the cause the jury returned a special verdict as follows:

"We find that on the 23d day of September, 1892, the defendant was a municipal corporation, incorporated under the laws of the State of Indiana, and, as such, had control and management of the streets and sidewalks of said city.

"We further find that on said 23d day of September, 1892, there was in said city of Bloomington a street known as Madison street, which ran north and south, and crossed both Third and Fourth streets, which said last named streets ran east and west through said city, and that plaintiff's residence was on the corner of Third and Madison streets and on the west side of said Madison street.

"We further find that said defendant, prior to said 23d day of September, 1892, had improved said Madison street, and had dug and constructed a ditch about 12 feet wide and 5½ feet deep on the west side of said Madison street, between Third and Fourth streets, which ditch extended about 100 feet north and south, and parallel with the sidewalk running north and south from plaintiff's residence.

"We further find that in construction of said ditch, the east and west walls of the same were built perpendicular of stone to a height about equal to the surface of the ground of the pavement west thereof, and that no bannisters or guard rails had been placed on either side of said ditch to protect travelers from falling into the same, and had failed and neglected to place any lights or danger signals near said ditch, so that persons might see the same in the darkness of the night, and that while thus unprotected said ditch was dangerous and unsafe to persons passing by it in the night time, and that said defendant and its officers had knowledge, or

with reasonable diligence could have known, the manner of the construction of said ditch, and its unsafe condition on the said 23d day of September, 1892, and prior thereto.

"We further find that the pavement west of said ditch, leading north from plaintiff's residence, was six feet wide, when laid, and was the most direct and convenient way for plaintiff to travel in going northeastward across said Madison street, and returning to and from the business portion of said city, and the width of the pavement grounds, between the west wall of said ditch and the embankment on the west, was 11 feet and the distance from said bridge north of said Brogan's residence was about 15 feet, and we find that on said 23d day of September, 1892, the defendant was also improving said pavement west of said ditch, and had hauled dirt and partially leveled the same down preparatory to putting down pavement, to a width of about 11 feet. And, at the west line of said dirt, had left an embankment of about 2½ feet, sloping down to the lot west thereof, said embankment extending about 100 feet north of said plaintiff's residence.

"We further find that on said 23d day of September, 1892, the plaintiff left her home in the evening, while it was yet light, and went northward over said pavement ground parallel with said ditch on a bridge over the same, north of the residence of one John Brogan, whose residence was then on the lot immediately north of plaintiff's lot, and west of said ditch and pavement ground; that she went to the southeast corner of the public square and business portion of said city; that she returned from the north about nine o'clock at night, when it was dark, of said day, and stopped at the east window of the residence of said Brogan, from which window a lamp-light shone out eastward over said pavement in front of said

residence; that the plaintiff, at said time, had reasonably good eyesight, and started from said residence southward on and along said pavement ground, and attempted to walk carefully to her house, while the night was dark, but by reason of the darkness of the night, and there being no guard rails on the west side of said ditch at a point twenty-three feet south of said window, and there being no lights or other danger signals by which she could see the location of said ditch and the walks thereof, she stepped over the west wall and fell to the bottom of said ditch, breaking her left arm and wrist, injuring her shoulder and chest, and permanently disabling her, and rendering her unable to follow her usual work and labor.

"We further find that on and prior to said 23d day of September, 1892, the plaintiff had knowledge that the defendant had constructed said ditch in said Madison street, and that the said ditch was visible and avoidable in the day time, but that in the night time, when dark, its exact location could not be told by persons traveling said street, and that at the time plaintiff received her said injuries, she did not know she was in the immediate vicinity of the west wall of said ditch.

"We further find that the only street leading to the business portion of said city of Bloomington, except Madison street, is what is known as Third street, which leads eastward from plaintiff's residence, and the south side thereof; which, at the time of plaintiff's injury, was rough, uneven, and elevated above the level of plaintiff's lot, and which, to be reached, an embankment of about three and one-half feet would have to be climbed, and a bridge crossed, and a street that plaintiff did not usually travel, and one on which plaintiff's residence did not front.

"We further find that the plaintiff, at the time of her

injury, and prior thereto, had no knowledge of the dangerous situation and condition of said ditch, and did no act to bring about her injury further than herein set forth, and that she received said injury without any fault on her part, and by reason of the negligence of the defendant.

"We further find that Third street, leading east from plaintiff's residence, on the 23d day of September, 1892, had no brick walk, and none of any kind except a diagonal bridge, and that the east side of said Madison street, for about 147 feet ·east, had, just south of the sidewalk, a ditch, about four or five feet deep and twelve feet wide, without guard rails, and no lights or danger signals to indicate the locality of said ditch."

It is necessary, in order that the appellee be entitled to judgment, that the verdict contain a finding of every fact to sustain every material allegation of her complaint. The facts must show, among other things, that the appellant was negligent, and that such negligence resulted in injury to appellee, and that she did not contribute to her own injury. In determining the sufficiency of the facts found to sustain the judgment, we can consider only the ultimate facts properly found, disregarding evidentiary facts, legal conclusions and matters not within the issues. *Pittsburgh, etc., R. R. Co.* v. *Spencer,* 98 Ind. 186; *Indianapolis, etc., R. W. Co.* v. *Bush,* 101 Ind. 582; *Indiana, etc., R. W. Co.* v. *Barnhart,* 115 Ind. 399; *Chicago, etc., R. W. Co.* v. *Burger,* 124 Ind. 275; *Perkins* v. *Hayward,* 124 Ind. 445; *Cook* v. *McNaughton,* 128 Ind. 410.

And it is well settled that while it is the province of the court to apply the law to the facts found, and to draw the proper legal inferences, it can not draw inferences of fact. In order to entitle the party having the burden of the issue to a judgment, the verdict must con-

tain a finding of every fact necessary to sustain a judgment, for nothing will be taken by intendment. *Buchanan* v. *Milligan*, 108 Ind. 433; *Cook* v. *McNaughton, supra.*

It is conceded, and we think correctly, that the facts found show the appellant to have been negligent in leaving an open ditch, of the kind described in the verdict, in one of its streets, unguarded and without lights or warning to notify pedestrians of its dangerous condition. The appellant insists, however, that the facts found fail to show that the appellee had no knowledge of its dangerous condition, and, further, that her own negligence caused, or contributed, to her injury.

It is a familiar rule of law that a traveler is not bound to forego the use of a public street or highway, simply because it is in a defective condition, unless it is in such a condition that by using it injury would, in all probability, result therefrom, and the person so using it had knowledge of its condition. *Town of Gosport* v. *Evans*, 112 Ind. 133, and cases cited.

The presumption raised by the law that the public officers have performed their duty, and that the highway is in a reasonably safe condition for travel, casts the burden upon one injured by reason of the defective condition of the highway to allege and prove, not only that it was defective, and that such defects caused the injury, but that he used care commensurate with the danger naturally attendant with its use in that condition.

For one who knows of the dangerous condition of a street must, in the use of such street, exercise care commensurate with the danger to be encountered thereby. And if he knows that it is so dangerous that to use it will probably result in injury, if he proceeds he assumes the risk. It is well settled that when there is known danger, whoever encounters it voluntarily and unnecessarily,

can not be regarded as exercising ordinary prudence, and does so at his own risk.   Ray Neg. Imposed  Duties, p. 129; *Corlett* v. *City of Leavenworth*, 27 Kan. 673.

It is only when the street is in such condition, that, by the exercise of care, it can be used by one without his being injured, that he may proceed.   When he knows that by using it injury will befall him, he proceeds at his peril. If the place is dangerous and the peril is imminent, he should not risk encountering it.   Knowledge of the danger places him within the purview of the law that he must exercise care proportionate to the danger to be encountered.   If the danger is so great that no degree of care on his part will protect him from injury, he proceeds knowing the risk is his own.

This language, used by MITCHELL, J., in the case of *Town of Gosport* v. *Evans, supra,* was approved in the case of *City of Fort Wayne* v. *Breese*, 123 Ind. 581, viz: Although "ordinary care requires that a person should not unnecessarily undertake to pass a place which he knows can not be passed without incurring a hazard that prudent men would not incur.   Where the place is known to be so dangerous that it can not be passed without great risk of injury it is negligence to attempt to pass it."   *City of Richmond* v. *Mulholland*, 116 Ind. 173; *President, etc., of Town of Mount Vernon* v. *Dusouchett*, 2 Ind. 586; *Riest* v. *City of Goshen*, 42 Ind. 339.

"One who voluntarily goes upon a structure with full knowledge of its dangerous condition, and of the perils attending the venture, will be deemed to have done so at his own risk."   *Morrison* v. *Board, etc.*, 116 Ind. 431.

It is true that the jury find that the appellee had reasonably good eyesight, and that she. "attempted to walk carefully," but that on account of the darkness and the want of rails or guards, and because there were no lights to indicate the dangerous places in the street, she was in-

jured, yet the jury also find that she "had knowledge that the defendant (appellant) had constructed said ditch in said Madison street, and that the said ditch was visible and avoidable in the day time, but that in the night time, when dark, its exact location could not be told by persons traveling said street."

If she knew, as the jury find, the dangerous condition of the street, and that "in the night time, when dark, its exact location could not be told by persons traveling said street," and she proceeded without ascertaining its location, she did so at her own peril. She knew it was in the street, and she knew that when it was dark she could not see it, hence she had no right to cast herself upon it.

"One who knows of a dangerous obstruction in a street or sidewalk, and yet attempts to pass it, when, on account of darkness, or other hindering causes, he can not see it so as to avoid it, takes the risk upon himself." Ray Neg. Imposed Duties, p. 129; *President, etc., of Town of Mount Vernon* v. *Dusouchett, supra; Bruker* v. *Town of Covington,* 69 Ind. 33; *Town of Gosport* v. *Evans, supra.*

The theory of the complaint is that the appellee was injured without fault on her part contributing thereto. It was necessary for the appellee to prove affirmatively that she did not contribute to her injury. The facts found failed to show affirmatively that she was free from contributory negligence.

Judgment reversed, with instructions to grant a new trial.

Filed Feb. 13, 1894.