City of Bloomington *v.* Rogers.

---

No. 1,583.

## CITY OF BLOOMINGTON *v.* ROGERS.

CONTRIBUTORY NEGLIGENCE.—*Special Verdict, Insufficiency.*—*Damages.*—*Personal Injury.*—Where the jury find, in an action for injuries sustained by falling into a ditch in a street, that she was walking slowly and carefully when she (the plaintiff) was injured ; that she knew that the ditch was in the street ; that the night was dark ; that she had reasonably good eyesight ; but there is no finding that she was using her sense of sight, or that she had the ditch in mind at the time, nor that she was looking out for the

ditch or paying any attention to where she was going, nor is the inferential fact found that she was, under the circumstances, using due care and caution at the time she was injured, the court cannot adjudge, as a matter of law, that plaintiff was entirely free from contributory negligence.

SAME.—*When Negligence or Freedom from Is a Question of Fact.— Two Inferences.*—When two inferences may be reasonably drawn from the facts found relative to contributory negligence, then the ultimate inference of contributory negligence or freedom from such negligence is a question of fact for the jury.

EVIDENCE.—*Personal Injury.—Excavation in Street.—Circumstances. —Ingress and Egress.*—In an action for damages sustained by falling into a ditch in a street, while plaintiff was on her way home in the night-time, evidence touching the surroundings and the means of ingress and egress to and from her residence is admissible, as bearing on the question of due care.

PLEADING.—*Action by Married Woman for Damages for Bodily Injury.—Necessary Allegations.—Recovery.*—In an action by a married woman for damages for personal, bodily injury, the complaint should allege such facts as entitle her to recover; for ordinarily the right of recovery, in such case, is in the husband.

From the Lawrence Circuit Court.

*I. C. Batman* and *H. C. Duncan*, for appellant.

*J. R. East* and *R. G. Miller*, for appellee.

DAVIS, J.—This case is here for the second time. *City of Bloomington* v. *Rogers*, 9 Ind. App. 230. On return to the lower court, the venue of the cause was changed, and a trial by a jury resulted in a special verdict on which judgment was rendered in favor of appellee for sixteen hundred dollars.

The jury find, among other facts, that appellee knew the ditch was in the street; that the night was dark; that she had reasonably good eyesight, and that she was walking slowly and carefully when she was injured.

There is no finding that she was using her sense of sight or that she had the ditch in mind at the time, nor

that, in view of her knowledge of its existence, she was looking out for the ditch or paying attention to where she was going.

Neither is the inferential fact found that she was, under the circumstances, using due care and caution on her part at the time she was injured. *City of Bluffton* v. *McAfee*, 12 Ind. App. 490; *Cincinnati, etc., R. W. Co.* v. *Grames*, 136 Ind. 39; *Louisville, etc., R. W. Co.* v. *Costello*, 9 Ind. App. 463; *Louisville, etc., R. W. Co.* v. *Sears*, 11 Ind. App. 654; *Pittsburgh, etc., R. W. Co.* v. *Klitch*, 11 Ind. App. 290.

The finding in a special verdict, that an injured party, at the time of receiving the injury, was in the exercise of due care, is, in many cases, such a conclusion as should be disregarded, but when two inferences may be reasonably drawn from the facts and circumstances descriptive of the acts and conduct of the injured party, at the time of receiving the injury, then, under the authorities cited, it becomes a question for the jury to determine whether the injured party did or did not exercise ordinary care under the circumstances surrounding her when she was injured. The facts descriptive of appellee's conduct on this occasion are not fully and clearly found in the special verdict. If it appeared in the special verdict, in addition to the ' facts therein found, descriptive of her conduct, that she had the ditch in mind, at that time, and that in view of this knowledge she was using her sense of sight in looking out for the ditch, or paying attention to where she was stepping, and then on the facts and circumstances so found, the jury should draw and find the inference that she was using due care and caution on her part when she was injured, the verdict would perhaps be sufficient, under the rule enunciated in the cases hereinbefore cited.

All, however, that it is necessary for us to determine, and all therefore that we do decide on this question is, that on the facts and circumstances as found in the verdict we cannot adjudge, as a matter of law, that appellee was entirely free from fault at the time she was injured.

There was no error in admitting the evidence touching the surroundings and the means of ingress and egress to and from appellee's residence.    These circumstances were proper to be considered in connection with the other facts in determining whether appellee, at the time she was injured, was in the exercise of care commensurate with the known danger.

The earnings of a married woman ordinarily belong to her husband, but there may be circumstances existing which would entitle appellee to recover for the value of her own services.    *Ohio, etc., R. W. Co.* v. *Cosby,* 107 Ind. 32; *Citizens St. R. W. Co.* v. *Twiname,* 121 Ind. 375.

Assuming that appellee was a married woman ; that her husband had abandoned her, or was not supporting or providing for her; and that she was engaged in carrying on any trade or business on her own account, such facts should be averred in the complaint, proven on the trial, and found in the verdict.

Judgment reversed, with instruction to sustain appellant's motion for new trial, with leave to appellee to amend the complaint if desired.

Ross, J., concurs in result.

Filed September 18, 1895.