## ROGERS *v.* CITY OF BLOOMINGTON.

[No. 2,685.   Filed Dec. 16, 1898.   Rehearing denied June 29, 1899.]

CONTRIBUTORY NEGLIGENCE.—*Personal Injuries.—Answers to Interrogatories.—When in Conflict with General Verdict.*—Answers to interrogatories in the trial of an action for damages on account of personal injuries sustained by plaintiff by falling into an unguarded ditch while passing along a sidewalk near the ditch after dark, to the effect that plaintiff knew of the location of the ditch and its dangerous condition, and the only precaution she took to avoid falling in the ditch was "to feel with her feet, and search with her eyes" show plaintiff to be guilty of negligence contributing to her injury, and are in irreconcilable conflict with a general verdict for plaintiff.

From the Orange Circuit Court.   *Affirmed.*

*John R. East, Bayless Harvey, Frank M. Cummings* and *Robert G. Miller,* for appellant.

*H. C. Duncan* and *I. C. Batman,* for appellee.

WILEY, J.—Appellant sued appellee to recover damages resulting to her by falling into a ditch in one of the public streets of appellee city.   The negligence charged in the complaint against appellee was that it caused to be constructed a deep ditch in Madison street, in said city, and maintained the same in a dangerous and unsafe condition, in that it failed to place any guard-rails on either side thereof, and failed to keep any lights, or other danger signals, in the vicinity, as warnings, etc.; and that appellee, long prior to the time appellant received her injuries, knew of the unsafe and dangerous condition of said street on account of said ditch.   The complaint avers that appellant, while walking along said street at 9 o'clock at night, "without any knowledge and without being able to see the location of said ditch, and without any fault on her part whatever, and without the aid of any lights or guard-rails, she stepped, and fell to the bottom of said ditch," to her injury, etc.

There was a trial by jury, a general verdict for appellant,

and with the general verdict the jury answered and returned certain interrogatories submitted to them by the court. Each party moved the court for judgment on the answers to the interrogatories, notwithstanding the general verdict. Appellee's motion was sustained, and appellant's motion overruled, and such ruling presents the sole question for decision, under the assignment of error. This is the third appeal in this case. *City of Bloomington* v. *Rogers*, 9 Ind. App. 230; *City of Bloomington* v. *Rogers*, 13 Ind. App. 121. In the former appeals the judgment in each instance rested upon a special verdict, and a reversal was ordered because the special verdicts did not show that appellee was free from negligence contributing to her injury. By the special interrogatories in this appeal the same question is presented, and for that reason it is necessary for us to show, in this opinion, the interrogatories and answers submitted to and returned by the jury. For brevity, we will do this in narrative form, and the facts established by the interrogatories and answers are the following: That appellant received her injuries by falling into a ditch on the west side of Madison street in the city of Bloomington, between Third and Fourth streets; said ditch was about twelve feet wide and about six feet deep, walled with stone, with a solid stone bottom, was without guard-rails or other barriers, and without danger lights or signals, or lights of any kind, to show its location; that said ditch was about two feet from, and parallel to, the space on the west side of the street, intended for a sidewalk; that said sidewalk was at the time being improved by putting crushed stone and cinders on it, preparatory to paving the same with brick; that such sidewalk space extended from the southeast corner of appellant's lot north past the front thereof, to where it crossed an alley 132 feet north of the northeast corner of said lot; that said ditch extended south from said alley about ninety feet; that, on the night appellant was injured, said ditch was dangerous to persons passing near the same at night, without any guard-

rails or signal lights; that appellant's home was near the southeast corner of her lot, just north of Third street and west of Madison street; that at the time appellant fell into said ditch, and prior thereto, she knew of the condition of the street, the location of the ditch, and its condition as to guard-rails, danger signals, and lights; that on the night of her injury, when it was dark, without the aid of any light, she undertook to pass along said sidewalk space on the west side of said ditch, going southward to her home; and, in so doing, fell into the ditch, whereby she was injured. The following interrogatory and answer we quote in full: "13th. On said night was there not a route by which plaintiff could have reached her home, known to her, on which there was a good sidewalk, by going to Third street at some point east of Madison street, and then going west on the north side of Third street to her home?" Answer. "There was proof of a good sidewalk from southeast corner of the public square south to Third street, and along the same to the southeast corner of plaintiff's lot; but no proof that she knew the whole route." That appellant received her injuries about 9 o'clock at night; that, just previous to receiving her injuries appellant was standing at an open window talking to one Brogan, looking into a room in which there was a light burning; that at the time she fell into the ditch, she could not see its exact location; that immediately before falling into the ditch, she did not know its exact location; that at the time of her fall, she did not know its exact location. Interrogatory twenty, and answer thereto, are as follows: "20th. What effort, if any, did the plaintiff make to ascertain the location of said ditch while approaching the same, and before she fell into it?" Answer. "Feeling with her feet and searching with her eyes." That on the night appellant was injured, and while she was on her way home, she could not see the exact location of the ditch, and that as she proceeded home she did not find the exact location of the ditch, prior to falling into it. It was upon these facts found,

specially, that the court below rendered judgment for appellee, notwithstanding the general verdict in favor of appellant. By the general verdict, there was a finding for appellant on every material issue necessary to a recovery and in the absence of the evidence, or any question of error or irregularity at the trial, such general verdict should be upheld, unless the interrogatories and answers, or some of them, are so irreconcilably in conflict with the general verdict that they can not possibly stand together. The court will indulge every reasonable presumption in favor of the general verdict. *McCallister* v. *Mount*, 73 Ind. 559; *Block* v. *Haselline*, 3 Ind. App. 491; *Vance* v. *City of Franklin*, 4 Ind. App. 515; *Evansville, etc., R. Co.* v. *Gilmore*, 1 Ind. App. 468; *Louisville, etc., R. Co.* v. *Creek*, 130 Ind. 139, 14 L. R. A. 733; *Chicago, etc., R. Co.* v. *Hedges*, 118 Ind. 5. But where the interrogatories propounded to the jury, answered by them, and returned with their general verdict, are irreconcilable with the general verdict, the former will control. In other words, a general verdict will be upheld, unless the facts stated in the answers to special interrogatories are so antagonistic as to preclude reconciliation. *Ohio, etc., R. Co.* v. *Trowbridge*, 126 Ind. 391; *Toledo, etc., R. Co* v. *Adams*, 131 Ind. 38; *Louisville, etc., R. Co.* v. *Summers*, 131 Ind. 241; *Town of Poseyville* v. *Lewis*, 126 Ind. 80; *Rogers* v. *Leyden*, 127 Ind. 50; *Western, etc., Co.* v. *Studebaker*, 124 Ind. 176; *Allemong* v. *Simons*, 124 Ind. 199; *Lockwood* v. *Rose*, 125 Ind. 588; *Barnes* v. *Turner*, 129 Ind. 110. We are therefore to determine whether or not the answers to the special interrogatories are so antagonistic to the general verdict as to preclude a reconciliation with it. If the two can be construed together, so as not irreconcilably to conflict, then the general verdict should control; but, on the other hand, if they are so antagonistic as to preclude reconciliation, the special verdict must be upheld. In the light of authorities in this State, it seems to us that the question is not of difficult solution.

Rogers *v.* City of Bloomington.

To entitle the appellant to recover, it was essentially necessary for her to aver and prove that appellee was negligent in the manner charged, and that she was without fault or negligence contributing to her injury.  By the general verdict we must, under the authorities, indulge the presumption that she established both of these essential requisites by a fair preponderance of the evidence.  When we look to the interrogatories and answers, it is clear, without argument or the citation of authorities, that appellant firmly established the negligence of appellee, so that it leaves the naked question of the negligence, or freedom from negligence, of appellant for our consideration, and this we must determine from the facts specially found.  If such facts show that appellant was guilty of negligence, which contributed to her injury, then the answers to the interrogatories would be so antagonistic to the general verdict as to preclude reconciliation with it; for the general verdict can not be reconciled with appellant's contributory negligence, on the theory that, if she negligently contributed to her injury, she can not recover.

Recurring to the answers to the interrogatories, we are confronted at the threshold with the facts that appellant knew of the ditch, its location and relation to the street and sidewalk; that the sidewalk was in the course of construction, by having placed on the space intended for it crushed stone and cinders preparatory to laying the brick; that the ditch was about two feet from the sidewalk; that the ditch was six feet deep, with a precipitous stone wall and a solid stone bottom; that she knew it was a dangerous place; that it was a dark night; that she had just been looking into a house through a window, where there was a light; that the only precaution she took to avoid falling into the ditch was to feel with her feet, and search with her eyes, while she was walking; that even though she "searched with her eyes", she was unable to determine the exact location of the ditch, and that, under these circumstances, it is shown that she undertook to

pass along and over the space intended for a sidewalk, without any light, and in so doing fell into the ditch. These facts clearly establish contributory negligence on the part of appellant, and the authorities so hold. Mr. Beach lays down the rule that if one who knows of a dangerous place or obstruction in a sidewalk or street, and undertakes to pass it in the darkness, and is injured, he cannot recover. Beach Mun. Corp., section 154. Again in his work on Cont. Negl., at section 248, he tersely and forcibly states the rule in this State as follows: "But it has been held in Indiana that a person injured by an obstruction in the highway, of which he has knowledge, and which he attempts to pass in the night, where it was too dark for him to see it, has no remedy, such conduct being negligence *per se*," citing *President and Trustees of Mt. Vernon* v. *Desouchett*, 2 Ind. 586.

In *Bruker* v. *Town of Covington*, 69 Ind. 33, 35 Am. Rep. 202, where appellant fell into an open cellar way as she was passing it at night, adjacent to the street, of which she had knowledge, the court said: "To sustain the defense in this case, it was sufficient to show that the plaintiff had knowledge of the obstruction. Having such knowledge, it was for the plaintiff to judge for himself as to the dangerous character of the obstruction, and take the risk accordingly if he ran upon it." See, also, *Kelly* v. *Doody*, 116 N. Y. 575, 22 N. E. 1084; *McGinty* v. *City of Keokuk*, 66 Ia. 725, 24 N. W. 506; *Parkhill* v. *Town of Brighton*, 61 Ia. 103, 15 N. W. 853.

In *Reist* v. *City of Goshen*, 42 Ind. 339, appellant's servant was driving a team of horses, and passed over a bridge which was defective, and the servant had knowledge of such defect. The court said: "The law is well settled, that if the plaintiff or his servant knew of the true condition of the bridge when the team and wagon were driven upon it he cannot, under such circumstances, recover." Where one goes upon a structure voluntarily, "with full knowledge of its dangerous condition, and of the perils

that attend the venture, he will be deemed to have done so at his own risk. The law accounts it negligence for one, unless under compulsion, to cast himself upon a known peril, from which a prudent person might reasonably anticipate injury." *Morrison* v. *Board, etc.*, 116 Ind. 431.

In *Town of Gosport* v. *Evans*, 112 Ind. 133, appellee was injured by reason of a defective sidewalk while attempting to pass over it, with a knowledge of the defect. The court said: "One who knows of a dangerous obstruction in a street or sidewalk, and yet attempts to pass it when, on account of darkness or other hindering causes, he cannot see so as to avoid it, takes the risk upon himself." In the same case it was said: "The authorities, however, lend no countenance to the notion that a person having knowledge of an obvious defect, or of a place on a highway which naturally suggests to a person of common understanding that it is dangerous, may, nevertheless, voluntarily cast himself into or upon the defect, upon the theory that he is not obliged to forego travel upon the highway."

In the first appeal of this case, 9 Ind. App. 230, it was held that if appellant passed along the street in question, with a knowledge of its dangerous condition, she did so at her peril. The court, by Ross, J., said: "She knew it [the ditch] was in the street, and she knew when it was dark she could not see it, hence she had no right to cast herself upon it."

In *Town of Salem* v. *Walker*, 16 Ind. App. 687, appellee was riding a horse through a public street in appellant town, when his horse frightened at an obstruction in the street, and suddenly turned in the opposite direction. Appellee saw and knew what frightened his horse. Notwithstanding that, he turned his horse about, and attempted to ride him past the obstruction at which he frightened, when the horse, being still frightened, reared up, falling backward, throwing appellee to the ground, whereby he was injured. This court held he could not recover, because of his own negligence in

trying to ride his horse by the obstruction, after knowing of it, and that his horse was frightened by·it. Robinson, J., speaking for the court, said: "But even if the municipality has neglected to keep its streets in a reasonably safe condition, the appellee is not excused from the exercise of ordinary care for his own safety. * * * It is equally well settled that because one has knowledge that a highway or sidewalk in a town or city is out of repair, or even dangerous, he is not, therefore, bound to forego travel upon the same. * * * But the care in such case to avoid injury must be in proportion to the danger the traveler might encounter by reason of the defect or obstruction." The case from which we have just quoted is an instructive one, and many authorities are collected and cited.

In *Sale* v. *Aurora, etc., Co.,* 147 Ind. 324, appellant was a physician, and was called to see a patient on a dark night. He drove along and over appellant's turnpike in a buggy drawn by one horse. He was familiar with the highway, and knew that at a certain point in it there was a bend, or turn, immediately in front of which was a precipitous embankment, 100 feet long and five feet deep; that immediately on the opposite side of the turnpike for 100 feet was a ditch three feet wide and three feet deep, and the space between the ditch on the south side and the embankment on the north side was only twenty feet. In making said turn, appellant's horse walked over said embankment, and he was injured. It was so dark he could not see. After citing and quoting from many authorities, applicable to the facts, Monks, J., said: "Applying the doctrine declared in the cases cited, if the night was dark and appellant could not while driving his horse distinctly see the twenty-foot space, the curve of the road and the ditch on one side and the embankment and pitfall on the other as alleged in the complaint, ordinary care required that he provide a light of some kind or that he alight and lead his horse over that part of the road. Not taking these precautions under the circumstances

Rogers *v.* City of Bloomington.

was greater negligence than driving upon a railroad crossing without either looking or listening when the view was obstructed, that danger might be thus avoided." The learned judge has stated the proposition clearly and strongly, and what he has said applies with great force to the facts in the case we are considering.

The *Town of Boswell* v. *Wakely*, 149 Ind. 64, is directly in point here, and is the last expression of the courts of last resort in this State applicable to the question we are now considering. There appellee was injured in passing over a sidewalk at night, with which walk he was familiar, and knew it was out of repair. He was walking with his hands in his pockets, when a loose board, upon which he stepped, tipped up, and threw him. It was held that he could not recover, because he did not use ordinary care commensurate with the known danger. In that case the court quoted approvingly from the case of the *City of Bedford* v. *Neal*, 143 Ind. 425, the following: "But the doctrine to be extracted from these cases is that a person with knowledge of the defect or danger must, in attempting to pass, exercise care proportioned to the known danger to avoid injury. And as a consequence, the appellee in the case before us having knowledge of the defective and unsafe condition of the sidewalk when she entered upon it the last time in the dark, she was required to exercise more care than she would have been required to exercise had she been ignorant of the defect, or there had been no defect and it had been daylight." Mr. Beach states the rule as follows: "The law imposes upon the traveler the duty of ordinary care, and this is the measure of his obligation when he brings his action for damages for an injury sustained by reason of an obstacle or defect in the highway. Accordingly in proportion as the risk of injury increases, must his care and diligence to avoid injury be increased. It is, therefore, held that a traveler is bound to exercise greater care and attention in passing over a highway

while it is undergoing repairs, by which it is greatly obstructed, than he would be required to exercise under ordinary circumstances, and more care in going about in the darkness of the night, than in the daytime." See *Jacobs* v. *Bangor*, 16 Me. 187; *Parkhill* v. *Town of Brighton*, 61 Iowa 103.

We might multiply authorities of the same tenor, for there are many; but we do not see any necessity for so doing. As the facts found specially by the jury show beyond all controversy that appellant was guilty of negligence which contributed to her injury, it follows, as we have shown, that such facts are irreconcilable with the general verdict, and must control. The court did not err in rendering judgment for appellee on its motion, and the judgment is affirmed.

Black, C. J., and Comstock, J., dissent.