WOLFE, BY NEXT FRIEND *v.* PEIRCE, RECEIVER.

[No. 3,145.  Filed May 29. 1900.]

RAILROADS. — *Injury to Child.* — *Contributory Negligence.* — As to whether a boy nine years of age has sufficient discretion and judgment to discern the danger of attempting to get on a moving train is a question of fact.  *p. 682.*

PLEADING.— *Complaint.*— *Contributory Negligence.*— *Specific Facts Pleaded Control General Averments.*—The general allegation in a complaint to recover damages on account of negligence, that the plaintiff was free from fault, will be overcome by specific averments of facts which show that the plaintiff was guilty of contributory negligence.  *p. 683.*

From the Howard Superior Court.  *Affirmed.*

*J. E. Moore* and *F. Cooper*, for appellant.

*C. G. Gunther, A. B. Clark, C. Brown* and *C. A. Schmettau*, for appellee.

WILEY, J.—There is involved in this appeal but a single question, viz., the sufficiency of the complaint. The appellee demurred to the complaint for want of sufficient facts, which demurrer the court sustained, and, refusing to plead further, judgment was pronounced against him for costs.

Appellant was injured while attempting to get on a moving freight train. The complaint alleges that at the time of his injury he was eight years, ten months, and twenty-nine days old; that he was not possessed of sufficient discretion to understand and appreciate the danger of under-

taking to get upon a train of cars while the same was in motion; that one of appellee's brakemen asked and requested appellant to get upon the train while it was moving, and jump off and shut or replace the railroad target. Then follow these averments: "That plaintiff, by reason of his immature years as aforesaid, was not possessed of sufficient discretion and judgment to realize the danger and hazard as aforesaid, but yielded to said brakeman's invitation and request, and without fault or negligence on his part undertook to comply with the same, and caught hold of one of the side handles of the first car in front of the caboose with his hand, while the same was in motion, as aforesaid, but failed to catch upon the foot stirrup with his feet, and` shortly thereafter plaintiff's grip or handle hold upon said side handle gave way, causing plaintiff to fall upon the ground with such force as to throw plaintiff's right leg upon defendant's said railroad track, and the same was immediately run over by defendant's cars, etc. * * * Plaintiff also alleges that the defendant's brakeman and servants for a long time prior to the time plaintiff received the injury aforesaid had been accustomed to invite and request plaintiff and other boys of plaintiff's age and size to get on their freight train when they would slacken speed at the canning factory crossing about one-half mile east of said Pittsburgh, Cincinnati, Chicago and St. Louis railroad crossing, and also at other points between said crossings, while the trains were in motion, and give them a ride to said last mentioned railroad crossing in consideration that said boys would fasten or replace said railroad target after the trains had passed the same going west, and obviate the necessity of stopping or slackening speed of trains for the purpose of allowing the rear brakeman to alight from the train and fasten or replace said target; and that said practice or custom aforesaid was, prior to plaintiff's injury, well known to the defendant, its principal officers and agents, and was acquiesced in, sanctioned and approved by the defendant

and said officers and agents, and that said brakeman was acting in pursuance to said custom in requesting plaintiff to get upon said train," etc.   It is proper to remark that the complaint shows that appellee was appointed receiver by the United States Circuit Court for the district of Indiana.

The complaint avers that the injury to appellant was caused without any fault or negligence on his part; but if the specific averments of the complaint overcome this general allegation and show negligence on the part of appellant which contributed to his injury, then the complaint is defective and the demurrer to it was properly sustained.   The complaint shows that the boy was nine years old, lacking one month and a day, and then it averred that he was not possessed of sufficient discretion and judgment to understand the danger and hazard of undertaking to get on a train while the same was in motion.   It is argued by appellee that this a mere conclusion of the pleader and is not the statement of a fact.   We are inclined to the view that this is correct.   As to whether a person is of sufficient discretion to discern danger and understand the hazard of attempting to get upon a moving train is a question of fact.   It does not necessarily follow that because a boy is only nine years old that he is not possessed of sufficient discretion to realize danger in a hazardous undertaking.   There is no fact stated, except as to the age of appellant, from which we can say that he did not appreciate the danger of his undertaking, and, as we have seen, that fact does not relieve him from the duty to exercise ordinary care and caution of one of his age under like circumstances.   It is not shown that appellant was mentally unsound, or that he in any way differed from the ordinary boy of his age. Where there are no facts alleged to the contrary, we must presume that he possessed ordinary discretion and judgment of one of his age, and that he was *sui juris*.   Facts, and not conclusions, must be stated in pleadings.

. In *City of Logansport* v. *LaRose*, 99 Ind. 117, appellees sought to enjoin the collection of taxes. One of the paragraphs of the complaint was bottomed on the facts that the petition for annexation was not properly signed, and, hence, the board of commissioners did not acquire jurisdiction, etc. It was alleged that the proceedings were void, because the petition was never signed as the law required, and by reason thereof the board did not acquire jurisdiction. The court said: "The allegations that the petition, filed by the city before the county board, was never signed as the law required, and that the county board, for the want of a legal petition, never acquired any jurisdiction to act in the premises, were not allegations of facts; but they were the pleader's conclusions from facts which were not alleged and were not apparent." See, also, *Quick* v. *Taylor*, 113 Ind. 540.

The rule is well settled in this jurisdiction that the general allegation in a complaint to recover damages on account of negligence, that the plaintiff was free from fault, will be overcome by specific averments of facts which show that the plaintiff was guilty of contributory negligence. *Peirce, Rec.* v. *Oliver,* 18 Ind. App. 87; *Citizens, etc., R. Co.* v. *Abright,* 14 Ind. App. 433; *Evansville, etc., R. Co.* v. *Weikle,* 6 Ind. App. 340; *Louisville, etc., R. Co.* v. *Lohges,* 6 Ind. App. 288; *Chicago, etc., R. Co.* v. *Smith,* 6 Ind. App. 262; *Sale* v. *Aurora, etc., Co.,* 147 Ind. 324; *Pittsburgh, etc., R. Co.* v. *Burton,* 139 Ind. 357; *Salem, etc., Co.* v. *Griffin,* 139 Ind. 141; *Toledo, etc., R. Co.* v. *Adams,* 131 Ind. 38; *Louisville, etc., R. Co.* v. *Hanning,* 131 Ind. 528, 31 Am. St. 443; *Stewart* v. *Pennsylvania Co.,* 130 Ind. 242; *Spencer* v. *Ohio, etc., R. Co.,* 130 Ind. 181.

An attempt to get upon a moving train is universally considered hazardous. The person who attempts it takes his life in his hands when the attempt is made. So we are confronted with this proposition: Appellant was guilty of con-

tributory negligence in attempting to get upon appellee's moving train, notwithstanding his allegation that he was free from fault, unless he cannot be held guilty of contributory negligence by reason of his age, and the averment that he was not possessed of sufficient discretion to understand the danger and hazard of his attempt. In many cases it has been held that a child younger than appellant was chargeable with such contributory negligence as would preclude a recovery. The doctrine that contributory negligence precludes a recovery is a wholesome one, 'and where damages are sought to be recovered by reason of the defendant's negligence the rule of contributory. negligence is universally applied. In case of children the rule is not so rigorous; yet, nevertheless, it is applied, varying only to fit the varying ages and conditions. In *Hathaway* v. *Toledo, etc., R. Co.,* 46 Ind. 25, it was said: "It seems harsh to apply this doctrine to a case where damage occurs to a child, and yet the application is made, and this whether the fault is that of the child itself, or the negligence of the person under whose immediate care it is." Many cases are cited in support thereof.

In *Higgins* v. *Jeffersonville, etc., R. Co.,* 52 Ind. 110, appellant was seven years old, and sued to recover damages for injuries occasioned by appellee's negligence. It was held that the complaint was bad because it did not aver that he was without fault.

In the case of *Krenzer* v. *Pittsburgh, etc., R. Co.,* 151 Ind. 587, 68 Am. St. 252, appellant was seven and one-half years old. He went to sleep on a railroad track and while there was injured by a passing train. Held that he was guilty of contributory negligence.

In *Dull* v. *Cleveland, etc., R. Co.,* 21 Ind. App. 571, a girl seven years old stood upon a railroad track where she could have seen a train approaching for 500 feet, and while so standing was killed by a passing train. Held that she was guilty of negligence in thus going and standing upon

the track, and that no recovery could be had.    See cases cited in *Dull* v. *Cleveland, etc., R. Co., supra.*    See, also, 2 Wood's Railway Law, §§1272, 1273.

In the case of *Finley* v. *Hudson, etc., R. Co.,* 64 Hun 373, a boy eight years old opened a switch, and in return therefor was asked to ride.    In getting on the car he slipped and was injured, and it was held that the company was not liable.

In *Chicago, etc., R. Co.* v. *Stumps,* 69 Ill. 409, a boy seven years old attempted to get on a slowly moving train in a street of a city.    The train was properly manned, was under control, and was running with care.    It was held that the company was not liable for resulting injuries.

A boy attempted to get on the front end of a street-car while it was in motion.    The steps of the car were broken off.    He was invited to get on by the driver, and in attempting to do so was injured.    Held there could be no recovery. *Dietrich* v. *Baltimore, etc., R. Co.,* 58 Md. 347.

A boy six years old attempted to get upon a slowly moving train.    He was asked to get on by some other boys on the train by permission of the conductor, and was injured. It was held he could not recover.    *Woodbridge* v. *Delaware, etc., R. Co.,* 105 Pa. St. 460.

It is unnecessary for us to quote from or to give abstracts of holdings in other cases to support the proposition that even children of tender age are chargeable with contributory negligence, but cite the following cases in point: *Smith* v. *Passenger R. Co.,* 13 Phila. 6; *Twist* v. *Winona, etc., R. Co.,* 39 Minn. 164, 39 N. W. 402; *Wendell* v. *New York, etc., R. Co.,* 91 N. Y. 420.

The case of *Indianapolis, etc., R. Co.* v. *Wilson, etc.,* 134 Ind. 95, is strongly in point.    That was an action to recover damages for an injury received at a railroad crossing.    The complaint alleged that appellant's servants negligently cut the engine loose from a moving train, and ran the engine in advance, leaving the train to follow across the highway,

without any person to give warning of its approach, and that appellee was not guilty of negligence; but it also alleged that appellee stood and watched the engine cross the highway when it so passed; appellee started across said track, not knowing or observing, and not having time or opportunity to know or observe that a portion of said train had been disconnected and was following. The court, by Olds, J., said: "The averment as to opportunity is a mere conclusion, and can be given no effect except facts are stated showing why no opportunity existed for observation, and the only reason given as to why appellee had no opportunity to observe the train is that he did not have time, * * *." "Thus" it appears "that the appellee was guilty of negligence, notwithstanding the general allegation to the effect that he was free from fault or negligence, and the complaint is bad." In that case the appellee was nine years old, and upon this point, the court said: "In holding the complaint bad, we have not been unmindful of the rule that children who have not reached the age of responsibility can not be guilty of contributory negligence; and that children who have attained an age when they are not wholly irresponsible, and are not chargeable with the same degree of care as adults, but only such as one of like age and discretion would be expected to exercise under the circumstances. The complaint, under the well settled rule in this State, must show the injured party free from negligence. It must show this fact in every case where the party is at an age when he is not regarded as wholly irresponsible, and may be guilty of contributory negligence, even if not in a case where the injured party is alleged and shown to be so young as to be *non sui juris*. The complaint in this case does not proceed upon the theory that the appellee is wholly irresponsible, but, on the contrary, alleges generally that he was free from contributory negligence, and then affirmatively alleges that he omitted to do what was negligence to omit, and seeks to excuse himself from such negligence on

the ground that he did not have time to observe the situation before entering upon the track." So, in the case before us, the complaint does not proceed upon the theory that the appellant was *non sui juris.* This is evident from the fact that it is averred that he was without negligence contributing to his injury. If he was *non sui juris,* such averment was unnecessary, for in such event he could not be charged with negligence, or shield himself upon the ground that he was without fault. Appellant here avers his freedom from fault, and seeks to excuse himself from negligence on the ground that he did not possess sufficient discretion and judgment to understand and realize the danger of undertaking to get on a moving train, without averring any facts upon which to base lack of discretion and judgment. We must presume that he possessed the ordinary judgment and discretion of one of his age, for if this is not true the pleader would have stated the facts which constituted such want or lack of judgment and discretion. The specific facts averred as to appellant's age, his attempt to get upon a moving train, which is always hazardous, and the mere conclusion that he was not of sufficient discretion and judgment to understand the danger incident to the undertaking are sufficient to show him guilty of negligence contributing to his injury, and overcomes his general averment that he was without fault. Such facts preclude a recovery.

Other objections are urged to the complaint and are ably argued, but as the judgment must be affirmed for the reasons given, and under the authorities cited, it is unnecessary to discuss them. Judgment affirmed.