## ASA FITZ *vs.* THE CITY OF BOSTON.

In the trial of an action on the case against a city, for an injury occasioned by a defect in a street therein, the presiding judge having instructed the jury, among other things, that what was a defect in a highway, which would render a town or city liable for an injury occasioned thereby, was a "practical question, to be determined by the jury in view of the circumstances of each particular case," added, by way of illustration, "that a different state of repair would be required in a city where a large amount and variety of travel was constantly passing, and in a country place where the state of things in this respect was different." It was held, that, understanding the term "city" to be used to designate a closely-built

and thickly-settled place, with a great amount and variety of travel, as distin-
guished from a place of an opposite character, through which there was little
travel, the illustration was a proper comment on the law, and not likely to mis-
lead the jury.

THIS was an action on the case, tried before *Wells*, C. J.,
in the court of common pleas, to recover damages for an in-
jury alleged to have been received in consequence of a defect
in Harrison avenue, one of the public streets of Boston.

It appeared in evidence, that the plaintiff, on the 27th of
March, 1847, was riding in a four-wheel carriage in that part
of Harrison avenue, between Dover street and Roxbury,
when he was thrown upon the ground, in consequence of the
main body of the carriage becoming separated from the for-
ward wheels.

Witnesses on the part of the plaintiff testified, that the
frost was coming out of the ground; that the street was very
muddy; that there had been a rain storm the night previous,
which had not entirely ceased when the accident occurred;
that there were three or four stones in the road, the largest
of which was not so large as a man's head; and that the
plaintiff was driving with due care.

Witnesses for the defendants testified, that Harrison avenue
from Dover street to Roxbury was made over the salt marsh;
that it settled every year; that such a street could not be safely
paved for several years after it was first made, on account
of its settling; that such streets were always and necessarily
very muddy in the spring and fall, and after a rain; and that
the street where the accident happened was in a reasonably
good condition, as good as it ever was at that season of the
year.

The defendants also contended, and introduced evidence
to prove, that the stones had not been in the road for the
space of twenty-four hours, and that the vehicle in which
the plaintiff was riding was unsafe.

The presiding judge instructed the jury, that what was such
a defect in a highway as to render a city or town liable for an
injury occasioned by it, was a practical question to be deter-
mined by the jury, in view of the circumstances of each

particular case; that corporations obliged to support roads were bound to incur all reasonable expense, and take all reasonable care, to make and keep their roads safe and convenient, but they were not required to do more; that in determining the question whether this duty had been performed, the location of the road, the difficulty of keeping it in a better condition without an unreasonable expense, the season of the year, and the kind and amount of travel having occasion to pass over the road, were all to be considered; and, by way of illustration, the presiding judge stated, that a different state of repair would be required in a city where a large amount and variety of travel was constantly passing, and in a country place where the state of things was different in this respect.

At the conclusion of the charge, the defendants took exception to the illustration stated by the judge, and requested him to instruct the jury, that there was no difference between the obligation of the city and of the country in the respect alluded to, except that the streets in a city must be made wider and more spacious than the wrought part of the roads in the country; but that within the limits of the wrought part, a road in the country was required to be as smooth and level and perfect as the streets of a city.

The presiding judge declined to instruct the jury as requested, but left the case to them upon the instructions before given; and the jury having returned a verdict for the plaintiff, the defendants excepted.

*P. W. Chandler*, city solicitor, for the defendants.

*B. F. Jacobs*, for the plaintiff.

SHAW, C. J.   Were this a motion to set aside the verdict, as against the weight of evidence, and we were certain that all the evidence was reported, we should think it presented a strong case for the defendants.   But no such motion being before the court, and the evidence being stated for another purpose and perhaps partially, we are not at liberty to form an opinion on such grounds.

The question is upon the correctness of the instructions given by the court.   [Here the judge recapitulated the evi-

dence and the instructions to the jury.] The last clause in this charge, the case put by way of illustration, was excepted to by the counsel for the defendants, as stating a different rule of law for different corporations, and in this· respect incorrect and tending to mislead the jury. To understand the force of this objection, it is necessary to inquire and ascertain what the purport of the illustration was. The presiding judge stated, that a different state of repair would be required in a city, where a large amount and variety of travel was constantly passing, and in a country place, where the state of things was different in this respect.

We do not understand the court as intending to make any distinction between the duties of cities, towns and districts, as such; but that the term "city" was used as intended to designate a thickly-settled place, with houses and stores· contiguous or near to each other, with a great amount and variety of travel, as contradistinguished from places thinly settled, and houses remotely scattered, through which there is little amount and variety of travelling. Thus understood, we think this illustration was a just comment on the law, and not likely to mislead a jury.

It is not that a different rule of duty is prescribed for different corporations; all are bound to keep their highways and town ways in such repair, that the same may be safe and convenient for travellers, with their horses, teams and carriages, at all seasons of the year. But the question is, what is safe and convenient; and this may depend on the quantity and variety of travel.

A street thickly built with shops and' houses, crowded at once with heavy and bulky loads, lighter teams and wagons, horse wagons, market carts, and all the variety of light conveyances for the transportation of persons, going necessarily at very different rates of speed, with the ordinary exigencies of frequently crossing, recrossing and stopping for purposes of business, at the various shops and houses, may require not only a wider, but a harder, smoother and more uniform surface to render the road safe and convenient.

The number of heavy teams passing from one part of a

populous place of business to another, in a few hours, might at times crush and break up a road covered with earth and gravel, which yet would maintain a smooth and unbroken surface, under the little travel, which would pass over it, in a thinly-settled place.

The counsel for the defendants requested the court to instruct the jury, that there was no difference between the city and country in this respect, except that in a city, streets must be made wider and more spacious. This we think could not be laid down, as a legal proposition, general in its application, because circumstances may exist, where something more is necessary in a city street, in the way of hardness, firmness and smoothness, these qualities· being no less important than width to safety and convenience.

Indeed, the difficulty arises in laying down any precise proposition, as a rule of law, where the statute has prescribed none. Much must depend upon circumstances, which are ever varying; the ultimate object being, that the highway, in all cases and under all circumstances, must be safe and convenient for travellers, at all seasons; the question what is safe and convenient depending on circumstances.

In coming to the opinion, that the illustration used by the chief justice of the court of common pleas was not such as would be likely to mislead a jury, we take it in connection with the terms of his charge which preceded it, intimating that the question was a practical one, and putting forth the statement excepted to, not as an absolute rule of law, but as an illustration of his more general rule, showing the application of the statute to the different circumstances, to which it must be applied. *Exceptions overruled.*