## CITY OF ROCKFORD
## v.
## MARGARET HOLLENBECK.

*Municipal Corporations —Negligence of—Personal Injuries—Defective Sidewalk—Variance—Practice—Abstracting of Pleadings.*

1. In an action against a municipality for the recovery of damages for injuries suffered through a defective sidewalk, this court holds that the evidence was amply sufficient to warrant the jury in finding the defendant guilty of negligence in failing to keep the same in repair.

2. While it is true that cities are not required to use the same degree of care in keeping in repair walks remote from the center of the city and little used as they are required to exercise in regard to walks in the heart of the city, yet if there is sufficient travel to justify the building of a walk at all, the city can not be allowed to let it go into decay or become a trap.

3. Where parties desire to raise questions upon the pleadings, they must be abstracted.

4. The fact that the declaration alleged that the injury complained of was suffered by plaintiff just as she was about to step upon the sidewalk, while the proof showed that it was suffered after she was on the sidewalk, is not a variance of sufficient importance to affect the verdict.

5. Where counsel for defendant, in making a motion at close of plaintiff's evidence to exclude such evidence, and direct the jury to find a verdict for the defendant, failed to point out the grounds of the motion, he must be considered to have waived them, and can not urge such grounds on motion for new trial, or here for the first time.

6. There is no evidence in the case tending to show contributory negligence on the part of the plaintiff.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Winnebago County; the Hon. JOHN D. CRABTREE, Judge, presiding.

Messrs. A. E. HOLT and C. A. WORKS, for appellant.

If plaintiff states her case with particularity, she must prove it as alleged. It is a fundamental and familiar rule of pleading that the allegations of the declaration must be broad enough to include the case proved. This case now presents the anomaly of a person declaring on one particular state of facts, and upon the trial thereof obtaining a judgment upon another state of facts not included within the first.

" The making of one case in the pleadings and another and different case by the evidence, ought not to be tolerated." Hill v. Callahan, 8 Southeastern Reporter, 730, Sup. Ct. Ga. We insist that this variance is absolutely fatal to plaintiff's right to recover in this action. City of Bloomington v. Goodrich, 88 Ill. 558; Gavin v. City of Chicago, 97 Ill. 66; City of Chicago v. Dignan, 14 Ill. App. 128; Toledo, Wabash & Western R. R. Co. v. Foss, 88 Ill. 551; C., B. & Q. R. R. Co. v. Wilcox, 12 Ill. App. 42; C., B. & Q. R. R. Co. v. Morkenstein, 24 Ill. App. 128.

Messrs. N. C. Warner and A. H. Frost, for appellee.

People are not required to "worm about" in search of safe sidewalks in this State, nor to forego travel upon sidewalks which a city leaves unbarricaded, and invites travel upon. Owen v. City of Chicago, 10 Ill. App. 470; Merrick v. Troy, 83 N. Y. 514; Horton v. Ipswich, 12 Cush. (Mass.) 488; Huntington v. Breen, 77 Ind. 30; Nave v. Flack, 90 Ind. 207 and 212; Bullock v. Mayor, etc., 99 N. Y. 654–6.

We ask that the principle may be re-asserted, that before there can be any advantage gained by objection for supposed variance, the objection shall be specifically made on the trial, and that if not so made the verdict cures the defect. 1 Thompson on Trials, Sec. 700; Roberts v. Corby, 86 Ill. 184; Royal Templars v. Curd, 111 Ill. 288; Brannan v. Strauss, 75 Ill. 235; Diggers v. Bell, 94 Ill. 224–5; Ry. Co. v. Morgan, 69 Ill. 49; King v. Ry. Co., 98 Ill. 388; Buntain v. Bailey, 27 Ill. 409 and 410; Barnes v. Brockman, 107 Ill. 317; Ladd v. Pigott, 114 Ill. 652; Ry. Co. v. Warner, 108 Ill. 549; Shroeder v. Walch, 10 Ill. App. 39.

C. B. Smith, J. This was an action in case brought by appellee against appellant to recover damages for injuries she received from falling upon a defective sidewalk of appellant. A plea of not guilty was interposed. A trial resulted in a verdict for the plaintiff for $1,000. After the court overruled motions for a new trial and in arrest of judgment, it gave judgment for plaintiff against defendant on the verdict.

Appellant now brings the case here on appeal and assigns numerous errors, and asks for a reversal of the judgment; but only two of the errors assigned are argued and relied on, and those are the only ones we shall consider.

The facts, as they appeared on the trial below and are disclosed by this record, are substantially these:

In the north part of the city of Rockford is a street called Rockton avenue, which is about a mile north from the center of the city. The sidewalk upon which appellee was injured ran along the west side of this avenue, and just north of where it intersects with Bruce street, the place where the injury occurred, was but about four blocks from the city limits and but a few rods from the north end of the sidewalk. That part of the city was sparsely populated. A street car line is operated on Rockton avenue, and its terminus seems to be at about the junction of Bruce street with Rockton avenue. On the 12th day of November, 1886, appellee left her home in the morning to attend a funeral, and about noon was returning home on the Rockton avenue street car, in company with several other persons, also riding on the car, among whom were Mrs. Spencer and Jessie Spencer. When the car stopped at the point they desired to get off these three ladies got off and Mrs. and Jessie Spencer preceded appellee a few steps. After leaving the car they all went to the sidewalk on the west side of the street and thence proceeded north on the walk, being about fifteen feet apart—Mrs. Spencer and Jessie walking side by side. As they were thus walking along the sidewalk, Jessie Spencer stepped on one end of a 16-foot board, laid lengthwise in the sidewalk, which went down with her and threw up the other end, which caught the foot of appellee and threw her heavily forward on the plank walk. Mrs. and Jessie Spencer assisted her to rise; she then informed them she thought she was not hurt; at the time she fell she had some bundles in her arms which she was carrying home, and was walking in her usual manner; she did not see any defect in the walk or the board until the end flew up just before her as she was about to step forward, and her foot was caught. She was sixty-nine years old.

City of Rockford v. Hollenbeck.

Before she got home—but a block away—she became sick and dizzy, though soon recovering, supposed her injuries but slight; but on that evening she became very ill and sore and suffered great pain in her head and eyes and body ; she was not able to stand on her feet for eight weeks, and suffered very great pain ; and her left hand is paralyzed from the shock. She has frequent bleeding at the ears and nose and at times she becomes entirely blind.    The injuries she received seem to be very serious and permanent in their character.    Prior to this injury she was a healthy woman.    There is no evidence tending to prove that she was failing to walk with ordinary and reasonable care or that she had any reason to suspect that the board would be tipped up before her.    Was the city guilty of negligence in permitting this walk to be unsafe ?    We think it was.    The proof is clear and abundant that this walk had been out of repair for a long time, and a number of the boards had become loose; that the cross-ties had become rotten, and so that they would not hold the nails ; the walk had been there a good many years with but little repair during all that time ; the ends of many of the boards were rotted off, so that many of them were loose.    Some of the witnesses swear this walk had been in this condition four or five years.    It is true a number of witnesses testify on behalf of the defendant who say they did not see any rotten or loose boards and that the walk was good.    But we think the preponderance of the evidence establishes the fact that this walk was and had been a good while seriously out of repair and for a sufficient length of time to charge the city with notice of its condition.    Appellant insists, however, that even if the sidewalk was not in such repair as would make it reasonably safe for persons using proper care, still in this case the city is not liable, because the sidewalk was just on the extreme limits of the city near the open prairie, where but few persons lived and used it.  It is true the walk was somewhat remote from the center of the city, and that no great amount of travel went over it ; and it is also true that cities are not bound to use the same degree of care over such remote walks, that are used but little, as they are those nearer the center, and which are constantly used ; but it is not true as a matter of law that cities may entirely or

substantially ignore their outside walks and give them little or no attention. If there be travel enough to justify the building of a sidewalk, then the city can not allow it to become a trap or go into decay, so that a misstep will trip the unwary pedestrian. While there is no precise rule to gauge the different degrees of care required for different walks, depending on their locality and amount of use, cities must still be held to a reasonable degree of care and watchfulness over all their walks wherever they may be. If a city would avoid responsibility for accidents happening upon walks little used, or not needed, they should take them up; otherwise they must watch them and not allow them to become dangerous.

The other error assigned and relied on in the argument, is that there was a variance between the proof and allegations in the declaration as to the place where appellee was injured. The declaration is not abstracted, and we are unable to determine whether there was any variance or not. If parties desire to raise questions upon the pleadings they must abstract them. We can not undertake to go to the original record and compare the proofs with the pleadings to see if any variance exists. But if counsel have correctly stated the averments in the declaration in their argument, so far as it relates to the place where the injury occurred (and we assume they have so correctly stated such averments), then we are of opinion that no variance is shown between the declaration and proof. The precise place where, or the precise manner in which she received her injury, are neither one material. It is said the averment is that she received the injury "just as she was about to step upon the sidewalk," while the proof is that she received the injury after she got upon the walk. We regard this difference as of no importance and not such a variance as to affect the verdict.

After the plaintiff closed her evidence, appellant, by its attorney, moved the court to exclude all the evidence on the part of the plaintiff and direct the jury to find a verdict for the defendant. At the time appellant's attorney made this motion he stated no reasons for making it, and remarked to the court that he did not care to argue it or state his reasons for making it. The motion was overruled by the court. On

City of Rockford v. Hollenbeck.

the next day, after the evidence was all in, appellant's attorney reduced his previous motion to writing, stating therein his reasons for making it to be on account of the alleged variance, and then filed such motion; but in no way brought the written motion and its contents to the attention of the court or counsel for appellee until he argued his motion for a new trial. This will not avail appellant even if the variance had in fact existed. If he desired to avail himself of the supposed variance it was his duty to put his objection upon that ground, and then and there inform court and counsel for appellee what was the ground of his objection. Had he done so, and such variance in fact existed, appellee could at once have obtained leave of the court to amend, and thus obviated the consequences of a variance. He can not lie by and wait and refuse or neglect to make the grounds of his objections known until it is too late to correct them. The law will not permit such practice; it would be a mere trick. Our practice wisely shows no favor to any such devices. St. Clair Co. Benevolent Society v. Fietsam, 97 Ill. 480.

Having failed to point out the grounds of the motion, appellant is now held to have waived them, and it is too late to urge them on a motion for a new trial, or here, for the first time. Roberts v. Corby, 86 Ill. 184; Royal Templars v. Curd, 111 Ill. 288; Thompson on Trials, 700; Dann v. Prince, 124 Ill. 77.

It is finally insisted that appellee was guilty of such contributory negligence as will prevent her recovery. After a careful examination of the evidence, we fail to find any evidence tending to show her guilty of negligence. She was walking in an ordinary gait upon the walk, looking before her. No amount of watchfulness on her part could have foreseen or prevented Jessie Spencer from stepping on the end of the board and tripping it just at the moment she was at the other end, about to step upon it. Had she stepped into an open hole in broad daylight, a very different question would have arisen concerning her negligence.

After an attentive examination of this record we fail to find any error in the proceedings, and the judgment will be affirmed. *Judgment affirmed.*