The City of Franklin *v.* Harter.

No. 14,900.

## THE CITY OF FRANKLIN *v.* HARTER.

NEGLIGENCE.— *When Question of Law and when of Fact.*—Where an inference of negligence may, or may not, be reasonably drawn from admitted facts, the case is ordinarily for the jury under proper instructions, but where only one inference can be reasonably drawn from the facts the question of negligence is one of law for the court.

MUNICIPAL CORPORATION.—*Defective Sidewalk.—Action for Personal Injuries. Contributory Negligence.*—In an action for damages for injuries resulting from a fall into a cellar-way in defendant's sidewalk, the fact that plaintiff was blind does not authorize the conclusion that he was guilty of contributory negligence as against. an averment that he was free from fault.

SAME.—*Safety of Streets.—Not Insurer of.*—A municipal corporation is not an insurer of the safety of its streets, and to charge it with liability for injuries resulting from defects in its streets it must be affirmatively shown that the municipality was guilty of negligence.

SAME.—*Negligence.—Question of Fact.*—It can not be adjudged as a pure matter of law that, irrespective of all questions of locality and surroundings, a municipal corporation is liable for an injury received by a person who falls into an opening made for a stairway where the entrance only is left open.

From the Johnson Circuit Court.

*W. C. Thompson, J. C. McNutt, G. M. Overstreet, Sr., A. B. Hunter* and *J. Overstreet,* for appellant.

*F. S. Staff, R. M. Miller* and *H. Barnett,* for appellee.

ELLIOTT, J.—The appellee recovered judgment against the appellant for injuries resulting from a fall into a cellar-way in one of the sidewalks of the appellant, which it is alleged was negligently suffered to remain without guards or warnings.

The objection urged against the complaint is that it does not show that the plaintiff was not guilty of contributory negligence. It does contain the usual general averment that the plaintiff was free from fault, and the specific allegations do not overcome the general averment. The fact that the plaintiff was blind does not, in itself, authorize the con-

clusion, as against the direct and positive averment of the complaint, that he was guilty of contributory fault. It is only where the specific allegations clearly show that there was contributory negligence that the general averment is overthrown, and the specific allegations of the complaint before us do not show that the general averment is not true.

One of the instructions given by the trial court reads thus: " The city of Franklin has exclusive control of the streets and sidewalks within the corporate limits. It is conceded that the stairway referred to in the complaint has been as it now is since 1868. This is a sufficient time to charge the city with notice of its existence. It is conceded by the defendant that the stairway, with an iron railing upon the east and north, and open to the south, within the limits of the sidewalk adjoining the Hulsman building, has been for a number of years as it now is. This state of facts charges the city of Franklin with liability to the plaintiff, and makes the city responsible to the plaintiff, Harter, for all the damages he has sustained by reason of falling into the stairway, that will be a full and adequate compensation for the damages he has sustained, unless he was, himself, guilty of negligence contributing to the injury."

It is evident that this instruction is not well drawn, and that it is justly subject to criticism on account of its confused and ill-expressed statements; but, waiving all criticism of such a nature, we shall consider it as if there were no verbal inaccuracies.

In so far as the instruction relates to the control of the municipality over its sidewalks it is unassailable, and its directions as to the duty of the municipality to take notice of the opening for the cellar are correct. But there are, however, errors in it of a very material character.

A municipal corporation is not an insurer of the safety of its streets, and to fasten a liability upon it for injuries resulting from defects in its streets it must be affirmatively shown that the municipality was guilty of negligence. The ques-

tion is always one of negligence, for, in no instance, can there be a recovery unless the corporation has failed to exercise ordinary care, skill or diligence to make its streets reasonably safe for passage.

As the question in cases where a municipal corporation is sought to be held liable for injuries caused by a defect in a street is one of negligence, it is seldom that the court can determine the question as one of law, for in by far the greater number of cases the question is a complex one, in which matters of law blend with matters of fact.    In all such cases the duty of the court is to instruct the jury as to the law, and that of the jury is to determine whether, under the law as declared by the court, there is actually negligence.    Nor does this general rule fail in all cases where the facts are undisputed, since the rule has long been settled in this State that where an inference of negligence may or may not be reasonably drawn from admitted facts, the case is ordinarily for the jury under proper instructions, but where only one inference can be reasonably drawn from the facts the question of negligence or no negligence may be determined by the court, as one of pure law.    The rule as we have outlined it, is the law of this State and must be so accepted, notwithstanding expressions occasionally found in some of the cases which seem to indicate a different doctrine. It would overthrow a long line of cases to deny the rule, and it would also lead to the subversion of sound and salutary principles.    In the old as well as in the recent cases the doctrine we here declare has been strongly and explicitly asserted, and to that doctrine we give an unwavering and unhesitating adherence, disapproving all statements which seem to deny its soundness.    *Baltimore, etc., R. R. Co.* v. *Walborn, ante,* p. 142 ; *Rogers* v. *Leyden, ante,* p. 50, and authorities cited.

By the rule so often asserted the instruction under immediate mention must be tested, and if it will not bear the test it must be condemned.    That it falls before the test we think

The City of Franklin v. Harter.

is clear. It explicitly directs the jury that: "This state of facts charges the city of Franklin with liability to the plaintiff," thus confining the jury to the facts mentioned in the instruction. If the "state of facts" to which the jury are confined by the instruction does not, in itself, create a liability, it is impossible to rescue the instruction from condemnation. That the "state of facts" referred to does not, in itself, create a liability is obvious when it is brought to mind, as it must be, that the only fact designated in the instruction is that the "stairway with an iron railing upon the east and north, and open to the south, within the limits of the sidewalk, has been for a number of years as it now is." The effect of the instruction is to charge the municipal corporation with liability, without respect to the location of the opening, or its surroundings. This was an invasion of the province of the jury, as well as an incorrect statement of the law. It was for the jury to determine, from all the evidence, whether there was or was not a breach of duty arising out of the failure of the corporate authorities to exercise ordinary care. It is apparent to our minds that the trial court stretched a rule applicable only to the isolated element of notice to the wide field of negligence.

Our statement that the instruction erroneously declares what constitutes actionable negligence on the part of a municipal corporation requires, perhaps, some elaboration. There is, we may say at the outset, a stubborn conflict among the authorities as to whether a municipal corporation is, in any event, liable where one end and the side of an opening for a stairway into a basement is railed, although there may be an opening at the entrance of the stairway. Some of the cases declare that if the side and one end are railed, there is no liability, even though there is no gate at the entrance. See authorities cited, notes pp. 453, 454, Elliott Roads and Streets. But we do not think it necessary to enter the field of conflict, since it seems clear that it can not be

It is proper to say that the act which it is alleged made the sidewalk of the appellant unsafe was that of a third person, so that the case is governed by a different rule from that which prevails where the municipal corporation, by its own act, makes the street unsafe. *City of Warsaw* v. *Dunlap*, 112 Ind. 576.

The admission referred to in the instruction, and to which such a controlling force was given, was carried far beyond its legitimate meaning and effect, for it goes no farther than to concede that the cellar-way is in the same condition that it was at the time of its construction in 1867, so that the court clearly erred in giving it a construction. But conceding that the court did not err in this regard, still it is very clear that it did err in assuming to make the case turn solely upon the admission, for it was for the jury to consider other evidence, inasmuch as without some other evidence than that supplied by the admission, there could be no liability. It is evident, therefore, that the court, in thus excluding from consideration the other evidence, erred in its statement of the law, as well as by its invasion of the province of the jury.

Judgment reversed.

MILLER, J., did not participate in the decision of this case.

