CASE 73—ACTION TO RECOVER DAMAGES FOR PERSONAL INJURIES.—
JUNE

# City of Covington v. Manwaring.

### APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

MUNICIPAL CORPORATIONS—INJURY FROM DEFECT IN SIDEWALK—NO-
TICE TO PLAINTIFF OF DEFECT.

Held: 1. Where plaintiff had worked in a store for five or six months, and it was a part of his business to sweep off the sidewalk in front of the store, he was charged with notice of the fact that the walk had become uneven and his statement that he did not know that the bricks were raised, or the pavement was in a bad condition, must be taken as meaning that he had never thought of the pavement as dangerous.

2. A city is only required to use proper care to see that its sidewalks are reasonably safe for persons exercising ordinary care and prudence; and, therefore, where one who was charged with notice that some of the bricks in a sidewalk had been raised by the roots of a tree stumbled against the raised bricks in daylight, from inadvertence, the city was not liable for the injury resulting.

F. J. HANTON, FOR APPELLANT.

W. McD. SHAW, FOR APPELLEE.
        (No briefs in the record.)

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellee, Manwaring, instituted this action to recover of the appellant, the city of Covington, damages for a personal injury received by him while passing along the sidewalk on the east side of Greenup street; alleging that it was caused by the negligence of the city in allowing the sidewalk to be in a dangerous condition. On the trial of the case, a verdict and judgment were rendered in his favor for $500, and the defendant appeals.

City of Covington v. Manwaring.

The plaintiff, at the time of the injury, was about 19 years of age, and had worked for 5 or 6 months in a grocery store fronting on Greenup street. A large tree stood on the sidewalk just on the property line of this store lot, and a few feet beyond this tree from the store sat a barrel on the curb, in which were put ashes. The sidewalk was perhaps 15 feet wide. About ten feet of it next to the fence was in excellent condition, and here was where most of the travel went. Around the tree the roots had raised the bricks in places, making them uneven. Some of the bricks were raised in this way from one-half inch to an inch, or something over. The plaintiff's main business was delivering the goods from the grocery, but he also swept out the store, swept off the sidewalk, and put ashes into the barrel at times. He says he did this about once a week. His employer says he did it four or five times a week. At the time he was injured, he was going from the store to the ash barrel with some ashes in a dustpan to empty into it, holding the pan in front of him. As he passed along by the tree he struck his toe against one of the bricks that were raised, and fell upon the pavement with his knee in such a manner as to inflict a serious injury on the kneejoint. The injury occurred at 2 o'clock in the afternoon, and, of course, if he had looked, he could have seen the condition of the bricks, and avoided falling over them. He testifies that he did not know that the bricks were raised or the pavement in a bad condition; but as he had worked in this store five or six months, and it was part of his business to sweep off the sidewalk in front of it, which ran up to the tree on the side next to the store, he must be charged with knowledge of the condition of the pavement, and we must take his statement as meaning that he had never thought of the pavement as

dangerous, or anticipated that he might fall over it as he did. For it is entirely incredible that one who had been about this store as long as he had, and had swept off the pavement as often as he had, could have failed to observe the effect of the roots of this tree on the brick. It was a large tree, and there was nothing to prevent his seeing the condition of the pavement, which was such as is not uncommon under such circumstances. The question then arises, is such a condition of a pavement in a city a ground of recovery against the city, in favor of one who has notice, or must be charged with notice, of its condition, and in daylight stumbles over it from inadvertence? In Town of Gosport v. Evans, 112 Ind., 134, 13 N. E., 256, 2 Am. St. Rep., 164, the court said: "While a municipal corporation is required to exercise vigilance in keeping its streets and sidewalks in a reasonably safe condition for public travel by night as well as by day, it is by no means an insurer against accidents; nor can it be expected to maintain the surface of its sidewalks free from all inequalities, and from every possible obstruction to mere convenient travel. A contrary rule would or might burden municipal corporations beyond endurance. That a pavement may have become uneven from use, or that bricks therein may have become loose or displaced by the action of the elements, so that persons are liable to stumble or be otherwise inconvenienced in passing, does not necessarily involve the municipality in liability, so long as the defect can be readily discovered and easily avoided by persons exercising due care, or provided the defect be of such a nature as not of itself to be dangerous to persons so using the sidewalk." This is in accordance with the rule laid down in Dillon on Municipal Corporations: "The law does not require a municipal corporation to respond in damages

for every injury that may be received on a public street. The corporation is not required to have its streets or sidewalks so constructed as to secure absolute immunity from danger in using them, nor is it bound to employ the utmost care and exertion to that end. Its duty, generally stated, is only to use due and proper care to see that its sidewalks are reasonably safe for persons exercising ordinary care and prudence." Section 1006, Dill. Mun. Corp. "Adverting in this place to the subject in a general way, it may be stated that if the person injured knew of the defect or obstruction, and ought reasonably to have avoided it by going outside or around it, and he did not, he can not recover." Section 1007, Id. In Nicholas v. Peck, 20 R. I., 533, 40 Atl., 418, the plaintiff, in daylight, struck her foot against a stone projecting above the surface of the pavement, when she knew the condition of the pavement. It was held she could not recover. The court said: "In these circumstances, the necessary inference is that she stumbled over the stones because she was not looking for them, as she was bound to do if they were dangerous, and she knew of the danger. Though ordinarily the question of contributory negligence is for the jury, we think the plaintiff's negligence is sufficiently clear for the court to hold that she was negligent as a matter of law." In City of Richmond v. Courtney, 32 Grat., 792, where the injury occurred from loose bricks lying around, over which the plaintiff stumbled and fell in daylight, a recovery was likewise refused. The court said: "It is not to be expected, and ought not to be required, that a city should keep its streets at perfect level and even surface. Slight obstructions, produced by loose bricks in the pavement, or by the roots of trees which may displace the pavement from the very nature of things, can not be prevented. And so there

can not be perfect uniformity of a level surface where curb-stones and culverts are necessary to be constructed on the streets. In a large city, with many miles of paved streets, it must often happen, from the very nature of the material out of which the pavement is constructed, that the bricks, from the very wear and tear of the use to which they are subjected, will become broken and dis-placed, so as to cause the fall of a person not careful in walking over them. Certainly, if the obstructions are of such a character as those indicated, and which would not cause the fall of a person exercising ordinary care, the city in such case could not be held liable." To the same effect, see Shallcross v. City of Philadelphia, 187 Pa., 143, 40 Atl., 818, and City of Indianapolis v. Cook, 99 Ind., 10; Schae-fler v. City of Sandusky, 33 Ohio St., 246, 31 Am. Rep., 533; City of Quincy v. Barker, 81 Ill., 300, 25 Am. Rep., 278; Corlett v. City of Leavenworth, 27 Kan., 673.

We have found no conflict of authority on the subject, and under the universally recognized rule, which seems to us both just and sound, the plaintiff was not entitled to recover, and the peremptory instruction to find for the de-fendant should have been given, under the evidence.

Judgment reversed, and cause remanded for further pro-ceedings consistent with this opinion.

Whole court sitting.

Chief Justice Guffy dissents.