CITY OF HUNTINGTON *v.* BARTROM, BY NEXT FRIEND.

[No. 7,130.   Filed June 21, 1911.]

1. MUNICIPAL CORPORATIONS. — *Negligence.* — *Streets.* — *Defective Sidewalks.*—*Infants.*—A child seven years old is not *sui juris*, nor guilty of contributory negligence, as a matter of law, in failing to avoid stumbling over a stone projecting three-fourths of an inch above the sidewalk, and in any event, a general verdict in its favor is conclusive as to both questions.   p. 119.

2. MUNICIPAL CORPORATIONS.—*Defective Sidewalks.*—*Negligence.*— A city is not guilty of negligence in constructing and maintaining, in a sparsely settled part thereof, a sidewalk with a stone projecting above the surface thereof three-fourths of an inch and which stone is two inches in diameter but slopes from the top to the surface of the sidewalk.   pp. 120, 121, 123.

3. MUNICIPAL CORPORATIONS.—*Negligence.*—*Action.*—In the absence of negligence, no action lies against a city on account of injuries occasioned by a defective sidewalk.   p. 121.

4. MUNICIPAL CORPORATIONS. — *Streets.* — *Care Required.* — *Frequency of Use.*—Municipal corporations are not insurers of the safety of their streets and sidewalks, but are required to exercise ordinary care to keep them in a reasonably safe condition for travel; and ordinary care varies with the frequency of the use of the streets.   p. 121.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Paul E. Bartrom, by his next friend, against the City of Huntington. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Emmett O. King, John Q. Cline* and *Claude Cline,* for appellant.

*Lesh & Lesh,* for appellee.

HOTTEL, J.—Action for damages by Paul E. Bartrom, by his next friend, Jacob Bartrom, on account of injury alleged to have been sustained by said Paul E. Bartrom, by reason of his stumbling and falling over an alleged protruding stone in one of the sidewalks of said city.

The complaint was in one paragraph, the sufficiency of

which is not questioned by this appeal. An answer in general denial was filed, and the cause was tried by a jury, which returned a general verdict for appellee in the sum of $250, with which answers to interrogatories were filed.

Upon the conclusion of appellee's evidence, appellant moved that a verdict be directed in its favor, but the motion was overruled. Appellant also filed a motion for judgment on the answers to interrogatories and for a new trial, each of which motions was by the court overruled. Exceptions were properly saved to each of said rulings of the court, and the questions presented by said rulings are now before this court by proper assignments of error.

The answers to interrogatories present the case in the light most favorable to appellant's contention. We quote enough of the interrogatories and the answers thereto, and the substance of others, necessary to a correct understanding of the question presented by the ruling on said motion for judgment thereon. They are as follows: Clark street is one of the public streets of the city of Huntington, and runs south from William street, through a thinly-settled portion of said city. On its east side there was a sidewalk four feet wide, constructed of crushed stone, some of the small stones of which protruded above its general surface at the point where plaintiff was injured. Plaintiff was born October 18, 1899, and his injury complained of occurred October 12, 1906. For some time prior to receiving such injury, plaintiff had been attending school on said William street, during which time he passed over said sidewalk four times each day, and knew "there were some stones sticking up slightly above the general surface of said sidewalk." On said October 12, 1906, plaintiff had good eyesight, was enjoying fairly good health, was all right mentally, and when returning home from school about 4 o'clock p.m. of said day was running over said walk going south, and while so running he fell.

We now quote other interrogatories and answers:

"Q. If plaintiff fell upon or over a stone in said sidewalk, how high did said stone extend above the general surface of said sidewalk?

A. Three-fourths of an inch.

Q. What was the diameter, in inches, of said stone, where it protruded through said sidewalk?

A. Two and one-half inches.

Q. Was said stone rounded, and did it slope down from its highest part to the gravel in the general level of the walk?

A. Yes.

Q. Could plaintiff have seen the stone over which he is alleged to have fallen if he had used ordinary care?

A. Yes.

\* \* \*

Q. What was the distance between the stone, over which plaintiff is alleged to have fallen, and the outer edge of said sidewalk?

A. Eighteen inches.

Q. What was the distance between said stone and the inner line of said walk next to the Balzer lot?

A. Thirty-two inches.

Q. Was there any obstruction in said walk on October 12, 1906, when plaintiff fell, between said stone and either edge of said walk, that would prevent plaintiff from passing around or to the side of this stone?

A. No.

Q. Could plaintiff have seen said stone at said time if he had looked, and stepped over it?

A. Yes."

Appellant insists that these answers to interrogatories show that Paul E. Bartrom, the injured person, who shall hereafter be referred to as appellee, was *sui juris*, and,

1. under the law, guilty of negligence contributing to his injury. With this contention we cannot agree.

The finding of the jury shows that the boy lacked a few days of being seven years old, and while it is true, as appellant urges, that the answers to interrogatories show that the protruding stone in the sidewalk over which appellee fell was one that could be seen and avoided as easily by a boy as by an adult, and that appellee in fact knew of the existence of said protruding stone, and by the exercise of ordinary care could have avoided it, yet we think the character of this obstruction was such that it would not be at all likely to appeal to a boy of the age of appellee, as being a danger to be watched and avoided when passing it on the sidewalk. In any event, the questions whether appellee was *sui juris*, and whether he contributed to his own injury, were both questions of fact for the jury, and by its general verdict the jury has settled this question against the contention of appellant, and we cannot say that upon this question there is irreconcilable conflict between such verdict and the answers of the jury to interrogatories. If the weakness of the general verdict rested alone upon this conflict, we should not be disposed to disturb it; but when we consider the conflict between the general verdict and the answers to interrogatories, upon the character of the obstruction over which appellee stumbled and fell, a more serious question arises.

Upon this question the jury found that the walk was made of crushed stone; that it passed through a sparsely settled portion of the city, and that the protruding stone

2. therein, over which appellee fell, was two and a half inches in diameter, and extended above the general surface of said sidewalk three-fourths of an inch. If the answers showed no more than this, we think there would be serious doubt as to appellant's liability, but there is a further and controlling fact found by these answers, viz., that said protruding stone was rounded and sloped down from its highest part to the gravel in the general level of the walk.

In the absence of negligence on the part of a municipal corporation in failing to make or keep its sidewalks in a reasonably safe condition for travel, no action will 3. lie against such corporation for injury sustained by a traveler upon such walks. *City of Michigan City* v. *Boeckling* (1890), 122 Ind. 39-41; *City of Indianapolis* v. *Cook* (1884), 99 Ind. 10, 15; *City of Franklin* v. *Harter* (1891), 127 Ind. 446-448.

A municipal corporation does not warrant nor insure the safety of its streets. The law requires of it only that it exercise ordinary care and skill in making its side- 4. walks, and keeping them in a reasonably safe condition for travel by persons who exercise ordinary care. *City of Michigan City* v. *Boeckling, supra; City of Indianapolis* v. *Cook, supra; City of Franklin* v. *Harter, supra.*

To hold appellant liable under the answers to interrogatories here made by the jury would be to change the rule heretofore quoted, with reference to the care which 2. the law imposes upon municipal corporations in the matter of keeping their sidewalks ordinarily safe for public travel, from that of ordinary care to one of extraordinary care, almost, if not impossible, of attainment, and would be an inducement and invitation to litigation that would result in expenses and burdens upon such municipalities, far beyond any possible benefit that might, in rare instances, inure to some traveler on the street, unfortunate enough to be injured by an obstruction of the character found by the jury to have been the cause of appellee's fall and injury.

The answers also find that this walk passed through a thinly-settled portion of said city, and the law does not require that a city shall use the same degree of care 4. over such remote walks that are used but little as over those nearer the center of the city and constantly used. We do not mean by this to say that a city shall not

use ordinary care in making and keeping all its sidewalks reasonably safe for public travel, but what would be ordinary care with reference to a seldom-traveled sidewalk in a remote part of the city, either in the construction of the walk in the first instance, and the selection of the material to be used therein, or in the manner of its construction, or its maintenance after construction, might fall short of such degree of care as to a much-traveled walk near the center of such city. "While there is no precise rule to guage the different degrees of care required for different walks, depending on their locality and amount of use, cities must still be held to a reasonable degree of care and watchfulness over all their walks wherever they may be." *City of Rockford* v. *Hollenbeck* (1889), 34 Ill. App. 40, 43. See, also, *Fitz* v. *City of Boston* (1849), 58 Mass. 365, 368, 369.

The complaint in this case charges no negligence on the part of the city in the character of the material used in the original construction of the walk, and the defect or obstruction found by the jury as causing appellee's fall and consequent injury, is no more than might occur in such walks where the ordinary care that the law requires in such cases had been used in maintaining and keeping such sidewalk reasonably safe for travel. Upon the question here involved, the Supreme Court, in the case of *City of Michigan City* v. *Boeckling, supra,* said: "The basis of the action for an injury sustained because of a defect in a street is the negligence of the municipal corporation in failing to keep the street in a reasonably safe condition for travel. If there is no breach of this duty there is no right of action, and if there is no want of ordinary care there is no breach of duty. A municipal corporation does not warrant the safety of its streets, for its legal obligation is to exercise ordinary care and skill in making and keeping its streets in a reasonably safe condition for travel by persons who exercise ordinary care."

Again, in the case of *City of Indianapolis* v. *Cook, supra,* the Supreme Court said: "A city is not an insurer against accidents upon its streets and sidewalks. It is simply required to keep its streets and sidewalks in a reasonably safe condition for persons traveling in the usual modes by day and night, and using ordinary care. A man may stumble and fall anywhere, in a house or in a street, but, because he happens to fall in the street, it follows by no means that the city is responsible for the injury he receives. There are slight inequalities in sidewalks, and other trifling defects and obstructions against which one may possibly strike his foot and fall, but if injury might be avoided by the use of such care and caution as every reasonably prudent person ought to exercise for his own safety, the city would not be liable." *City of Franklin* v. *Harter, supra;* Shirts, Ind. Neg. §1237.

We have found several cases from other states more directly applicable to the facts found by the jury in this case.

One especially in point is the case of *Newton* v. *City of Worcester* (1899), 174 Mass. 181, 188, 54 N. E. 521, in which the court said: "By the evidence, including the photograph used at the trial and shown to us at the argument, here was a brick sidewalk, with some depressions varying *from one-half of an inch to two inches in depth, 'caused by some of the bricks being depressed and some being elevated.' 'There were no projections or sharp corners,' and 'the surface of the depressions was smooth.'* We do not think the jury was warranted in finding upon this evidence that this way when bare was not reasonably safe and convenient for public travel." (Our italics.) See, also, *Raymond* v. *City of Lowell* (1850), 6 Cush. 524, 53 Am. Dec. 57; *City of Covington* v. *Manwaring* (1902), 113 Ky. 592, 68 S. W. 625; *Haggerty* v. *City of Lewiston* (1901), 95 Me. 374, 50 Atl. 55.

We think it clear, under the authorities cited, that the facts found by the jury in this case, as to the size, char-

acter, etc., of the protruding stone over which appellee fell, shows that if an obstruction, it was not of such a character as to charge appellant with actionable negligence for permitting it to be in the sidewalk, and that the motion for judgment on the answers to interrogatories should have been sustained by the court below. We have carefully examined the evidence in this case, and find that the answers to the interrogatories are supported thereby, and no different result would likely be reached by granting a new trial.

Judgment reversed, with instructions to the court below to render judgment in favor of appellant on the answers to interrogatories.