## Town of Mooresville *v.* Spoon.

[No. 9,490.    Filed February 21, 1918.    Rehearing denied June 25, 1918.    Transfer denied March 7, 1919.]

1.  MUNICIPAL CORPORATIONS. — *Defective Sidewalks. — Injury to Pedestrian.—Liability.*—A municipal corporation is not an insurer of the safety of its streets and sidewalks, but it is bound to use ordinary care to keep them reasonably safe for public travel, and is liable for injury sustained.by its negligence if the party injured was at the time of the injury exercising ordinary care.  p. 567.

2.  MUNICIPAL CORPORATIONS. — *Defective Sidewalks. — Injury to Pedestrian.—Action.—Verdict.—Answers to Interrogatories.*—In an action against a municipal corporation for personal injuries due to a defective sidewalk, answers to interrogatories showing that, at the time of her injury, plaintiff knew the condition of the sidewalk, and that she fell by striking her foot against the edge of a cement block which was elevated three-fourths of an inch by freezing, are not in irreconcilable conflict with the general verdict.  p. 569.

3.  MUNICIPAL CORPORATIONS. — *Defective Sidewalks. — Injury to Pedestrian.—Question for Jury.—Due Care.*—In an action against a municipal corporation for personal injuries due to a defective sidewalk, where there was some evidence, though slight, that plaintiff was using some care at the time of her injury, the question whether the care exercised was commensurate with the conditions and circumstances was a question for the jury.  p. 570.

4.  MUNICIPAL CORPORATIONS. — *Defective Sidewalks. — Injury to Pedestrian.—Contributory Negligence.—Knowledge of Defect.— Care Required.*—A person is not necessarily guilty of negligence in attempting to pass over a public street or sidewalk which he knows to be dangerous, even though on account of darkness he cannot see to avoid the obstruction or defect, but in such case he must use care commensurate with the known danger and circumstances.  p. 570.

5.  APPEAL.—*Harmless Error.—Instructions.*—In an action for personal injuries, error, if any, in giving an instruction affecting only the amount of damages recoverable was harmless, where defendant. did not contend that the damages awarded were excessive. p. 571.

From Morgan Circuit Court; *Nathan A. Whittaker,* Judge.

Action by Ellen Spoon against the town of Moores-

ville. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John C. McNutt* and *Paul V. McNutt,* for appellant. *Kivett & Kivett,* for appellee.

IBACH, C. J.—This is an appeal from a judgment for $100 damages for personal injuries alleged to have been received by appellee on October 4, 1912, while using a certain sidewalk in the appellant town, and caused by an elevation or defect in the walk against which she struck her foot, throwing her down.

The negligence charged is in brief that on said date appellant negligently and carelessly allowed and permitted its sidewalk on High street and in front of the residence of Henry Sponsberg to be and remain out of repair and dangerous to travelers in this: The surface of the cement sidewalk at said point is smooth and level (with no defects or elevations thereon except at the point hereinafter described and complained of) for a distance of 75 feet on each side of an abrupt elevation; that said elevation is of the height of about two inches; *"that the cement on the under part of such elevation has been from time to time chipped out and leaves extended above the surface of the sidewalk a sharp edge about one-fourth inch in thickness along the entire width of said elevation."* (Our italics.)

Issues were joined on the complaint by answer in general denial. With their general verdict the jury returned answers to interrogatories.

The errors assigned and relied on for reversal are: (1) Overruling of appellant's motion for judgment on the answers to interrogatories; and (2) the overruling of its motion for a new trial.

The jury in answer to interrogatories found in substance that at the time of her injury appellee was walking on the north side of High street in appellant town, going west. She was acquainted with the condition of the sidewalk. The sidewalk was five feet wide at that point, and was constructed six years previously of gravel and cement. Appellee fell by striking her foot against the edge of an elevated cement block in the sidewalk, which elevation was three-fourths of an inch high. That such elevation was caused by freezing.

In support of the first alleged error, *supra,* appellant's chief contention is that the answers show that the defect was not such as to render the sidewalk dangerous to travel, and therefore the town was not liable. In other words, appellant would have the court declare as a matter of law that a defect or elevation in an otherwise perfectly smooth cement sidewalk "¾ of an inch in height" was not dangerous to a person using the sidewalk in the exercise of ordinary care. To support its contention appellant has cited *City of Huntington* v. *Bartrom* (1911), 48 Ind. App. 117, 95 N. E. 544, and *Newton* v. *Worcester* (1899), 174 Mass. 181, 54 N. E. 521.

Negligence is the basis of an action of this kind, and, unless the municipality was negligent, no recovery can be had. A municipal corporation is 1. not an insurer of the safety of its streets and sidewalks, but it is bound to use ordinary care to keep them reasonably safe for public travel, and is liable for injury sustained by its negligence if the party injured was at the time of the injury exercising ordinary care. *Glantz* v. *City of South Bend* (1886), 106 Ind. 305, 6 N. E. 632; *City of Indianapolis* v. *Cook*

(1884), 99 Ind. 10; *Town of Gosport* v. *Evans* (1887), 112 Ind. 133, 13 N. E. 256, 2 Am. St. 164; *Buscher* v. *City of Lafayette* (1893), 8 Ind. App. 590, 36 N. E. 371; *City of Huntingburgh* v. *First* (1896), 15 Ind. App. 552, 43 N. E. 17.

The descriptive facts set forth in the complaint, which for convenience we have italicized, are supported by the evidence, and show that the character of the elevation was such that it was or could be extremely dangerous. The facts therefore are distinguishable from the cases cited.

In *City of Huntington* v. *Bartrom, supra,* importance is given to the fact that the obstruction, the protruding stone, "was rounded and sloped down from its highest part to the gravel and in the general level of the walk," citing in support of the conclusion reached the case of *Newton* v. *Worcester, supra,* which makes the character of the elevation as well as its height a factor in determining its dangerous condition.

In the latter case the court uses this language: " 'There were no projections or sharp corners,' and 'the surface of the depressions was smooth.' "

In *City of Michigan City* v. *Boeckling* (1890), 122 Ind. 39, 41, 23 N. E. 518, the court said: "Whether an obstruction or a defect in a street is such as it is negligence on the part of the municipality to suffer to exist, is generally, and in the main, a question of fact for the jury. * * * A difference is held to exist between cases where the inclination is gradual and those in which it is abrupt."

In *Dondono* v. *City of Indianapolis* (1909), 44 Ind. App. 366, 89 N. E. 421, this court had occasion to consider a somewhat similar question, and there said:

"It may well be claimed that it was not reasonable to anticipate injury to one using the street for ordinary travel, and exercising ordinary care in such use" from the fact "that the crossing stone on one side of the gutter was one and one-half inches or one and three-fourth inches higher than the curb and pavement on the opposite side. But when to this is added the fact that the corner of the crossing stone was broken off in such manner as to form a ledge one-half inch from the surface of the stone, under which the foot of a traveler might be caught and such traveler be thereby tripped and caused to fall, we think the court cannot say, as a matter of law, that some reasonable minds would not conclude that danger to those who used the street for ordinary travel, and exercising ordinary care, did not lie in such condition."

We conclude, therefore, that the dangerous character of the defect in question was a question for the jury under proper instructions, and upon such question they have found for appellee. The answers to the interrogatories are not in irreconcilable conflict with the general verdict.

2. 

Under the motion for a new trial it is urged that the verdict is not sustained by sufficient evidence, and is contrary to law, in that: (1) It does not show that the defect complained of was dangerous, and therefore the town was not negligent; and (2) that the evidence does show that appellee was guilty of contributory negligence and should not recover. In our discussion of the answers to interrogatories we have disposed of the first proposition.

It appears from appellee's own testimony that the injury occurred in the nighttime and it was dark; that

she was well acquainted with the defect and with its condition and knew of its location; that she had passed it frequently both in the nighttime and daytime covering a period of about two years; that she had it in mind and was endeavoring to locate it at the time she struck it with her foot; that she was feeling for it with her foot when she unexpectedly struck it and it tripped her. "I looked for the telephone post for a guide and I could not see the telephone post."

While the evidence upon the question of the care used by appellee is slight in view of the time of day and of appellee's knowledge of the defect, yet,

3. in our judgment, the record shows that some care was used, and whether the care exercised was commensurate with the conditions and circumstances was a question for the jury which they have determined in favor of appellee.

A person is not necessarily guilty of negligence in attempting to pass over a public street or sidewalk which he knows to be dangerous, even though

4. on account of the darkness he cannot see so as to avoid the obstruction, but in such case he must use care commensurate with the known danger and the circumstances. *Morrissey* v. *Cleveland, etc., R. Co.* (1916), 61 Ind. App. 90, 110 N. E. 105, 108, and cases cited; *City of East Chicago* v. *Gilbert* (1915), 59 Ind. App. 613, 108 N. E. 29, 109 N. E. 404; *Town of Monticello* v. *Condo* (1911), 47 Ind. App. 490, 94 N. E. 893; *Town of New Castle* v. *Mullen* (1909), 43 Ind. App. 280, 87 N. E. 146; *City of South Bend* v. *Hardy* (1884), 98 Ind. 577, 586, 49 Am. Rep. 792; *City of Bedford* v. *Neal* (1896), 143 Ind. 425, 41 N. E. 1029, 42 N. E. 815; *Sias* v. *Village of Reed City*

(1894), 103 Mich. 312, 61 N. W. 502; *Lowell* v. *Watertown* (1885), 58 Mich. 568, 25 N. W. 517; *Village of Clayton* v. *Brooks* (1894), 150 Ill. 97, 37 N. E. 574.

Instruction No. 14 of the court's instructions is complained of, in that it told the jury that "it is proper for you to consider every phase of the injuries which are charged in the complaint," and that the complaint charged that appellee "has suffered great pain and anguish as a result of said injuries and will in the future suffer great pain and anguish from said injuries, and thereby be deprived of the satisfaction and comforts of life such as those enjoy who are possessed of sound bodies and the free use of its members." *South Bend Brick Co.* v. *Goller* (1910), 46 Ind. App. 531, 93 N. E. 37; *Pittsburgh, etc., R. Co.* v. *O'Conner* (1909), 171 Ind. 686, 85 N. E. 969.

The error, if any, in the giving of this instruction would only affect the amount of damages recovered. No claim was made in the trial court that the

5. damages were excessive, and the amount of the judgment does not indicate that it was influenced by such instruction to the detriment of appellant. The ruling, if erroneous, was harmless.

Other instructions, it is claimed, omit certain elements, and are therefore erroneous. When the instructions are considered as a whole, the jury were fairly instructed as to the law of the case, and the omissions appear to have been supplied.

Judgment affirmed.