CITY OF INDIANAPOLIS *v.* REYNOLDS.

[No. 16,733. Filed March 4, 1942. Rehearing denied May 8, 1942. Transfer denied June 8, 1942.]

*Edward H. Knight, Michael B. Reddington,* and *Oscar C. Hagemier,* all of Indianapolis, and *Pell & Pell,* of Shelbyville, for appellant.

*Tolen & Cramer,* of Shelbyville, and *Armstrong & Rhoadarmer,* of Indianapolis, for appellee.

BLESSING, J.—This appeal grows out of an action for personal injuries suffered by appellee in stumbling over a metal disc in the sidewalk at the northeast corner of the intersection of Northwestern avenue and 30th street in the City of Indianapolis. In a trial before a jury, the appellee was awarded damages in the sum of $1,067.50 and judgment was entered accordingly.

This appeal has been properly perfected, and under the assignment of error the only questions presented for our consideration are: First, whether the disc over which appellee stumbled and fell was an actionable defect; and second, whether appellee was guilty of contributory negligence as a matter of law.

It appears from the record that the metal disc in question was about four inches in diameter and protruded above the surface of the sidewalk three-fourths of an inch. It was located in said walk, which was approxiamtely 15 feet in width, about 18 inches from the curb on the east side of Northwestern avenue and approximately 26 feet north of the north curb on 30th street.

The metal disc had been in this sidewalk for many years and the cement around it had been chipped off to a slight extent. It served no useful purpose and from the evidence it was a part of some construction, the remainder of which had long since been removed. The intersection of Northwestern avenue and 30th street is a business district in appellant city. There are automatic electric traffic signals at said intersection and traffic, both vehicular and pedestrian, is heavy.

The appellee, who was employed at a downtown store, had walked south from 31st street on the east side of Northwestern avenue, intending to cross 30th street, but seeing a bus parked on the northwest corner of the intersection heretofore described turned to the

west to cross Northwestern avenue, and after taking two steps, according to her story, struck the metal disc with the toe of her left foot, resulting in her fall and injuries.

The appellant first contends that a municipal corporation is not liable because of such a small obstruction in the sidewalk, and that the court erred in refusing to sustain a motion for a directed verdict in favor of the appellant. In support of this contention, appellant cites three Indiana cases: *Town of Gosport* v. *Evans* (1887), 112 Ind. 133, 13 N. E. 256; *City of Indianapolis* v. *Cook* (1884), 99 Ind. 10; and the case of *City of Indianapolis* v. *Bartrom* (1911), 48 Ind. App. 117, 95 N. E. 544. The question of contributory negligence was the determining factor in the Evans and Cook cases, *supra*. The case of *City of Indianapolis* v. *Bartrom, supra,* involved a defect in a sidewalk constructed of crushed stone in a sparsely settled portion of the city, and while the stone extended above the general surface of the sidewalk but three-fourths of an inch its surface was rounded and sloped down from its highest part to the gravel in the general level of the walk. The character of construction of a walk for the use of pedestrians is some notice to the users thereof as to the care required for their own safety. No protrusions naturally result in the construction of a sidewalk made from cement and gravel.

The obstruction in the case at bar was no part of the construction of the walk, and its protrusion was perpendicular above the surface of the cement. It is argued that because the metal disc was only four inches in diameter and extended only three-fourths of an inch above the traveled surface, no actionable defect resulted by leaving it in the walk. If the city through some of its employees were to sink an iron

spike one-half inch square in a cement walk with the top protruding three-fourths of an inch above the surface could it be said as a matter of law that the city would not be liable for injuries sustained by one who stumbles and falls because of such 'obstruction? We think not. It is further contended that since the undisputed evidence shows the walk to be fifteen feet in width at the point of the accident the appellee could have avoided this small obstruction. If appellee were aware of the presence of the obstruction and saw it or could have seen it in the exercise of ordinary care she was under obligation to avoid the danger it presented, but there was evidence from which the jury could find that she did not know the disc was there and that she did not see it. Whether she should have discovered it in the exercise of reasonable care under all the circumstances is not determinative of the question of negligence with which the city is charged. A city is not an insurer of the personal safety of one who uses its public walks, but it is the duty of the city, in the exercise of reasonable care to keep its streets and sidewalks in reasonable repair and free from dangerous defects to the full width thereof. *City of New Albany* v. *Kiefer* (1919), 70 Ind. App. 289, 123 N. E. 361.

In so far as the question of negligence on the part of the city is concerned, we are of the opinion that the facts in the case under consideration fall fairly within the case of *Town of Mooresville* v. *Spoon* (1919), 69 Ind. App. 565, 118 N. E. 686. The defect involved in that case was an elevated cement block in the sidewalk, the elevation being three-fourths of an inch above the surface of the adjoining block and extending the full width of the sidewalk. There was also a small ledge on the elevated block caused by the stone being chipped off on the under side of the elevated block. On appeal

from a judgment against said town, the contention was made that the defect was not such as to render the sidewalk dangerous to travel and that this court should declare as a matter of law that a defect or elevation in an otherwise smooth cement sidewalk three-fourths of an inch in height was not dangerous to a person using the sidewalk in the exercise of ordinary care. The court concluded in the above case that the dangerous character of the defect in question was a question for the jury under proper instructions by the court.

In the case of *Dondono* v. *City of Indianapolis* (1909), 44 Ind. App. 366, 369, 89 N. E. 421, where a similar question was involved, this court said:

> "It may well be claimed that it was not reasonable to anticipate injury to one using the street for ordinary travel, and exercising ordinary care in such use, from the . . . fact, that the crossing stone on one side of the gutter was one and one-half inches or one and three-fourths inches higher than the curb and pavement on the opposite side. But when to this is added the fact that the corner of the crossing stone was broken off in such manner as to form a ledge one-half inch from the surface of the stone, under which the foot of a traveler might be caught and such traveler be thereby tripped and caused to fall, we think the court cannot say, as a matter of law, that some reasonable minds would not conclude that danger to those who used the street for ordinary travel, and exercising ordinary care, did not lie in such condition."

In the case at bar there was evidence that about the top of the metal disc there was a rim or a flange beneath which the appellee could have caught the toe of her shoe causing her to fall. It is our conclusion that the obstruction in this case was of such a character that reasonable and prudent men might reasonably differ as to whether an accident could

or should have been reasonably anticipated because of this particular obstruction in the walk, and therefore the question of negligence on the part of the appellant was an ultimate fact to be determined by the jury. The court properly refused to instruct the jury to find for the appellant. What we have said also disposes of the specifications in the motion for a new trial, except the contention that the appellee was guilty of contributory negligence as a matter of law.

In addition to the facts already recited, the evidence shows that at about the time appellee turned to the west to cross the street her attention was given to the traffic signals that she might determine her right to leave the sidewalk and while giving such attention to the signal she fell.

In view of all the circumstances disclosed by the evidence the question of contributory negligence was one for the jury, and we cannot disturb its finding on this issue.

Judgment affirmed.

NOTE.—Reported in 39 N. E. (2d) 788.